# U.S. District Court
# Eastern District of Missouri (LIVE) (St. Louis)
# CIVIL DOCKET FOR CASE #: 4:03–cv–00923–ERW
# *Internal Use Only*

Holder v. USA

Assigned to: Honorable E. Richard Webber

Demand: $0

 Case in other court:  USDC/EDMO, 4:97cr00141ERW

Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc

Date Filed: 07/11/2003

Date Terminated: 07/22/2008

Jury Demand: None

Nature of Suit: 535 Death Penalty – Habeas Corpus

Jurisdiction: U.S. Government Defendant

**Petitioner**

| | | |
|---|---|---|
| **Norris G. Holder** | represented by | **Christopher E. McGraugh** <br> LERITZ AND PLUNKERT, P.C. <br> 555 Washington Avenue <br> Suite 600 <br> St. Louis , MO 63101 <br> 314–231–9600 <br> Fax: 314–231–9480 <br> Email: cmcgraugh@leritzlaw.com <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |
| | | **Michael J. Gorla** <br> 720 Olive <br> Suite 1630 <br> St. Louis , MO 63101 <br> 314–621–1617 <br> Fax: 314–621–7448 <br> Email: mjgorla@msn.com <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

V.

**Respondent**

| | | |
|---|---|---|
| **USA** | represented by | **Joseph M. Landolt** <br> OFFICE OF U.S. ATTORNEY <br> 111 S. Tenth Street <br> 20th Floor <br> St. Louis , MO 63102 <br> 314–539–2200 <br> Fax: 314–539–2777 <br> Email: joseph.landolt@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

**Roger A. Keller , Jr.**
OFFICE OF U.S. ATTORNEY
111 S. Tenth Street
20th Floor
St. Louis , MO 63102
314−539−2200
Fax: 314−539−7695
Email: Roger.Keller@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven E. Holtshouser**
OFFICE OF U.S. ATTORNEY
111 S. Tenth Street
20th Floor
St. Louis , MO 63102
314−539−2200
Fax: 314−539−7695
Email: steven.holtshouser@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
| --- | --- | --- | --- |
| 07/09/2003 | 1 | | ORDER by Honorable E. Richard Webber that the Clerk of court shall remove from this file, 4:97cr141ERW, deft's motion for appointment of counsel [Doc. #639] and file and docket it as a postconviction proceeding commenced under 28 USC 2255. (cc: all counsel) (KLK) Modified on 07/17/2003 (Entered: 07/14/2003) |
| 07/09/2003 | 2 | | MOTION by petitioner Norris G. Holder for appointment of counsel to pursue postconviction remedies and supporting memo of law (KLK) (Entered: 07/14/2003) |
| 07/09/2003 | 2 | | MOTION by petitioner Norris G. Holder to vacate pursuant to 28:2255 (KLK) Modified on 07/17/2003 (Entered: 07/17/2003) |
| 07/14/2003 | 3 | | Letter to pltff re: case filed. Case forwarded to pro se unit (KLK) Modified on 07/17/2003 (Entered: 07/14/2003) |
| 07/14/2003 | | | REMARK − case filed 7/9/03, label drawn 7/11/03. (KLK) (Entered: 07/14/2003) |
| 07/30/2003 | 4 | | ORDER by Honorable E. Richard Webber granting motion for appointment of counsel to pursue postconviction remedies and supporting memo of law [2−1] by appointing Christopher E. McGraugh and Michael Gorla as co counsel; Clerk shall send appointed counsel a complete copy of the file (cc: all counsel) (CQL) (Entered: 08/01/2003) |
| 10/10/2003 | 5 | | MOTION for order by Petitioner Norris G. Holder ; FILED UNDER SEAL. (MCB, ) (Entered: 10/14/2003) |

| | | | |
|---|---|---|---|
| 10/10/2003 | 6 | | SEALED DOCUMENT re 5 MOTION for order by Petitioner Norris G. Holder. (MCB, ) (Entered: 10/14/2003) |
| 11/03/2003 | 7 | | MEMORANDUM AND ORDER granting 5 Motion Signed by Judge E. Richard Webber on 11/3/03. FILED UNDER SEAL. (MCB, ) (Entered: 11/03/2003) |
| 02/25/2004 | 8 | | CJA 30: Authorization to Pay Michael Gorla in Death Penalty Proceedings Amount: $ $2,625.00, Voucher # 04012900001.. Signed by Judge E. Richard Webber on 2/25/04. (CQL) (Entered: 02/27/2004) |
| 04/07/2004 | 9 | | EX PARTE MOTION for Order. FILED UNDER SEAL. (MCB) (Entered: 04/08/2004) |
| 04/22/2004 | | | Docket Text ORDER: Ex Parte Motion [doc. #9] is GRANTED, IN PART. Recommendation of this Court to be filed under seal. So Ordered by Judge E. Richard Webber on 04/22/2004. (BAB) (Entered: 04/22/2004) |
| 04/23/2004 | 10 | | EXPARTE ORDER FILED UNDER SEAL Signed by Judge Logan, USCA on 4/15/04. (CQL) Modified on 4/29/2004 (CQL, ). (Entered: 04/23/2004) |
| 05/13/2004 | 11 | | CJA 30: Authorization to Pay Christopher McGraugh in Death Penalty Proceedings Amount: $ $6,381.25, Voucher # 040409000002.. Signed by Judge E. Richard Webber on 5/13/04. (CQL) (Entered: 05/13/2004) |
| 06/08/2004 | 12 | | MOTION to Vacate, Set Aside or Correct Sentence (2255) by Petitioner Norris G. Holder. (Gorla, Michael) Modified on 7/22/2008 (MCB). (Entered: 06/08/2004) |
| 06/08/2004 | 13 | | MEMORANDUM *Verification of Signed Original Document* by Petitioner Norris G. Holder. (Gorla, Michael) (Entered: 06/08/2004) |
| 07/01/2004 | 14 | | MOTION for Hearing *Evidentiary* by Petitioner Norris G. Holder. (Gorla, Michael) (Entered: 07/01/2004) |
| 07/01/2004 | 15 | | Request for Discovery *Memorandum Regarding Discovery* by Petitioner Norris G. Holder. (Gorla, Michael) Modified on 12/3/2004 (MCB). Modified on 1/4/2005 (GLF, ). (Entered: 07/01/2004) |
| 07/16/2004 | 16 | | CASE MANAGEMENT ORDER This case is assigned to Track: 4 – (Administrative – Capital Habeas). Respondent shall file a response to the motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. Section 2255 and motion for an evidentiary hearing within forty–five days from the date of this order. Movant shall file his traverse and any reply memorandum with respoct to the evidentiary hearing within forty five days from the date of the filing of the response. Show Cause Response due by 8/30/2004. Signed by Judge E. Richard Webber on 7/16/04. (MCB) |

FEB 9 2010 3

| | | | |
|---|---|---|---|
| | | | (Entered: 07/16/2004) |
| 08/12/2004 | 17 | | CJA 20: Authorization to Pay Christopher McGraugh. Amount: $ 4,776.87, Voucher # 040612000001 As to Norris Holder. Signed by Judge E. Richard Webber on 7/20/04. (KXS, ) (Entered: 08/12/2004) |
| 08/18/2004 | 18 | | CJA 30: Authorization to Pay Michael Gorla in Death Penalty Proceedings Amount: $ 6725.00, Voucher # 040708000016. Signed by Judge E. Richard Webber on August 9, 2004. (MCB) (Entered: 08/18/2004) |
| 08/30/2004 | 19 | | ENTRY of Appearance by Steven E. Holtshouser Respondent USA. (Holtshouser, Steven) (Entered: 08/30/2004) |
| 08/31/2004 | 20 | | MOTION for Leave to File Out of Time to Movant's 2255 motion by Respondent USA. (Landolt, Joseph) (Entered: 08/31/2004) |
| 08/31/2004 | 21 | | RESPONSE in Opposition re 12 MOTION to Vacate, Set Aside or Correct Sentence (2255) filed by Respondent USA. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8)(Landolt, Joseph) (Entered: 08/31/2004) |
| 08/31/2004 | | | Docket Text ORDER: Government's Motion for Leave to File Out of Time [doc. #20] is GRANTED. Government's Response [doc. #21] to Movant's 2255 Motion is accepted for filing by this Court. So Ordered by Judge E. Richard Webber on 08/31/2004. (BAB) (Entered: 08/31/2004) |
| 09/08/2004 | 22 | | CJA 31: Authorization to Pay Christopher E. McGraugh in Death Penalty Proceedings. Amount: $ 6,861.39 for Expert Services, Voucher # 040709000005. Signed by Judge E. Richard Webber on August 9, 2004. (MCB) (Entered: 09/08/2004) |
| 10/06/2004 | 23 | | CJA 30: Authorization to Pay Christopher McGraugh in Death Penalty Proceedings Amount: $ $9,293.53, Voucher # 04092200008.. Signed by Judge E. Richard Webber on 10/6/04. (CQL, ) (Entered: 10/12/2004) |
| 10/15/2004 | 24 | | MOTION for Extension of Time to File Response/Reply as to 21 Response in Opposition to Motion by Petitioner Norris G. Holder. (Gorla, Michael) (Entered: 10/15/2004) |
| 10/18/2004 | | | Docket Text ORDER: Motion for Additional Time to File Reply [doc. #24] is GRANTED. Movant's Reply to the Government's Response to 2255 Motion shall be filed with this Court no later than October 18, 2004. So Ordered by Judge E. Richard Webber on 10/18/2004. (BAB) (Entered: 10/18/2004) |
| 10/18/2004 | 25 | | REPLY to Response to Motion re 12 MOTION to Vacate, Set Aside or Correct Sentence (2255) filed by Petitioner |

| | | | |
|---|---|---|---|
| | | | Norris G. Holder. (Gorla, Michael) (Entered: 10/18/2004) |
| 12/02/2004 | 26 | | ORDER IT IS HEREBY ORDERED that the United States Marshal Service shall transport Defendant Norris Holder, Inmate 26902–044, from the U.S. Penitentiary in Terre Haute, Indiana to the U.S. District Court in St. Louis, Missouri to attend this hearing. IT IS FURTHER ORDERED that all parties shall appear before this Court on January 4, 2005 at 9:00 a.m. for an evidentiary hearing on Petitioner's Section 2255 Motion to Vacate His Sentence. The scope of the hearing will be limited to the factual circumstances surrounding Sections 12A, 12B, 12C(a), 12C(b), 12C(c), and 12C(h) of Petitioner's Motion. In Court Hearing set for 1/4/2005 09:00 AM in Courtroom 12S before Honorable E. Richard Webber. Signed by Judge E. Richard Webber on December 2, 2004. (3 certified copies delivered to US Marshal on December 3, 2004)(MCB) (Entered: 12/03/2004) |
| 12/07/2004 | 27 | | MOTION to Continue Evidentiary Hearing by Petitioner Norris G. Holder. (McGraugh, Christopher) (Entered: 12/07/2004) |
| 12/09/2004 | 28 | | ORDER re 27 MOTION to Continue Evidentiary Hearing filed by Norris G. Holder is GRANTED. Evidentiary Hearing in this matter is reset to January 31, 2005, at 9:00 a.m. Petitioner Norris Holder is currently being held in the United States Penitentiary in Terre Houte, Indiana, and petitioner's presence is required at this hearing. IT IS HEREBY ORDERED that the United States Marshal Service shall transport Norris Holder, Inmate #26902–044, from the United States Penitentiary in Terre Houte, Indiana, to the United States District Court in St. Louis, Missouri, to attend the Evidentiary Hearing on January 31, 2005, at 9:00 a.m. In Court Hearing set for 1/31/2005 09:00 AM in Courtroom 12S before Honorable E. Richard Webber. Signed by Judge E. Richard Webber on December 9, 2004. (3 certified copies delivered to US Marshals on December 9, 2004)(MCB) (Entered: 12/09/2004) |
| 12/30/2004 | 29 | | CJA 30: Authorization to Pay Christopher McGraugh in Death Penalty Proceedings Amount: $ 5,537.50, Voucher # 041123000023. Signed by Judge E. Richard Webber on December 8, 2004. (MCB) (Entered: 12/30/2004) |
| 01/21/2005 | 33 | | CJA 30: Authorization to Pay Michael J. Gorla in Death Penalty Proceedings Amount: $ $4,975.00, Voucher # 050114000002. Signed by Judge E. Richard Webber on 1/21/2005. (JMW, ) (Entered: 02/01/2005) |
| 01/24/2005 | 30 | | MOTION to Continue Hearing and Request for Scheduling Conference by Respondent USA. (Holtshouser, Steven) (Entered: 01/24/2005) |
| 01/24/2005 | 31 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to Continue Evidentiary Hearing by Petitioner Norris G. Holder. (McGraugh, Christopher) (Entered: 01/24/2005) |
| 01/25/2005 | | | Docket Text ORDER: Motions to Continue Evidentiary Hearing [doc. #30 &#31] are GRANTED. The Marshals Service shall transport Petitioner Holder back to the U.S. Penitentiary in Terre Haute, Indiana, to await further orders of this Court. A Status Hearing with counsel of record will be held on March 22, 2005, at 11:00 a.m. So Ordered by Judge E. Richard Webber. (Entered: 01/25/2005) |
| 01/25/2005 | 32 | | Minute Entry for proceedings held before Judge E. Richard Webber : In Court Hearing held on 1/25/2005 on Govt motion to continue/produce and defts motion to continue hearing, documents 30 and 31 respectively; Court grants both motions and status conference set for 3/22/05 at 11am. (Court Reporter or FTR Gold Operator initials:gbeilsmith.) (FTR Gold yes or no: no.) (proceedings started: 8:30a.) (proceedings ended: 8:45a.) (CQL, ) (Entered: 01/26/2005) |
| 02/09/2005 | 34 | | CJA 31: Authorization to Pay Access Forensic in Death Penalty Proceedings. Amount: $ $2,405.00 for Expert Services, Voucher # 041214000017. Signed by Judge E. Richard Webber on 12/15/2004. (JMW, ) (Entered: 02/15/2005) |
| 03/22/2005 | 35 | | Minute Entry for proceedings held before Judge E. Richard Webber : Status Conference held on 3/22/2005. Parties agreed that they would informally proceed with depositions and other discovery. Status conference set for 5/10/05 at 1:00 p.m. (Court Reporter or FTR Gold Operator initials:T. Hopwood.) (FTR Gold yes or no: no.) (proceedings started: 11:05 a.m.) (proceedings ended: 11:15 a.m.) (JMW, ) (Entered: 03/22/2005) |
| 03/22/2005 | | | Set Hearings: Status Conference set for 5/10/2005 01:00 PM in Courtroom 12S before Honorable E. Richard Webber. (JMW, ) (Entered: 03/22/2005) |
| 03/24/2005 | 36 | | CJA 30: Authorization to Pay Christopher E. McGraugh in Death Penalty Proceedings Voucher # 050225000005.. Signed by Judge E. Richard Webber on 3/10/2005. (JMW, ) (Entered: 03/28/2005) |
| 03/30/2005 | 37 | | ORIGINAL TRANSCRIPT (Pilot) procedings of Status Conference held on 3/22/05 before Judge E. Richard Webber. Court Reporter: T. Hopwood. The transcript filed with the court will not be remotely available until such time as the period for redaction has expired or a request for redaction has been received and the redacted transcript filed. For additional information see the Notice/Instructions to the Bar regarding Electronic Availability of Civil Transcripts on the Court's website at www.moed.uscourts.gov (KCM, ) |

| | | | |
|---|---|---|---|
| | | | (Entered: 03/30/2005) |
| 04/25/2005 | 38 | | SEALED MOTION by Petitioner Norris G. Holder. (JMW, ) (Entered: 04/26/2005) |
| 04/26/2005 | | | Docket Text ORDER: Status Hearing will be held on May 10, 2005, at 2:00 p.m., not 1:00 as previously scheduled. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 04/26/2005) |
| 05/06/2005 | | | Docket Text ORDER: Sealed Motion by Petitioner [doc. #38] is GRANTED for in–court and out–of–court time rendered on and after February 1, 2005. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 05/06/2005) |
| 05/10/2005 | 39 | | ORDER:IT IS HEREBY ORDERED that the United States Marshal Service shall transport Defendant Norris Holder, Inmate 26902–044, from the U.S. Penitentiary in Terre Haute, Indiana on or before June 27, 2005 in order to attend this hearing in the U.S. District Court in St. Louis, Missouri. IT IS FURTHER ORDERED that all parties shall appear before this Court on July 18, 2005, at 1:00 p.m. for an evidentiary hearing on Petitioner's sec. 2255 Motion to Vacate his Sentence. The scope of the hearing will be limited to the factual circumstances surrounding Sections 12A,12B, 12C(a), 12C(b), 12C(c), and 12C(h) of Petitioner's Motion. (Evidentiary Hearing set for 7/18/2005 01:00 PM before Honorable E. Richard Webber). Signed by Judge E. Richard Webber on 05/10/05. *THREE CERTIFIED COPIES OF THIS ORDER WERE DELIVERED TO USM– J. VAUGHN THIS DATE.(BDC) (Entered: 05/10/2005) |
| 05/10/2005 | 40 | | Minute Entry for proceedings held before Judge E. Richard Webber : Status Conference held on 5/10/2005. In Court Hearing scheduled for 7/18/05 @ 12:00 p.m.; Government to file brief by end of week, response to brief due by 5/24/05 (Court Reporter or FTR Gold Operator initials:Gail Beilsmith.) (FTR Gold yes or no: no.) (proceedings started: 2:07.) (proceedings ended: 2:14.) (BAK, ) (Entered: 05/10/2005) |
| 05/17/2005 | 41 | | MOTION to Clarify 40 Status Conference,, Set Deadlines/Hearings, *and to Further Narrow the Issues Subject to a Hearing* by Respondent USA. (Holtshouser, Steven) (Entered: 05/17/2005) |
| 05/24/2005 | 42 | | RESPONSE in Opposition re 41 MOTION to Clarify 40 Status Conference,, Set Deadlines/Hearings, *and to Further Narrow the Issues Subject to a Hearing* filed by Petitioner Norris G. Holder. (Gorla, Michael) (Entered: 05/24/2005) |
| 05/25/2005 | 43 | | SEALED MOTION by Petitioner Norris G. Holder. (JMW, ) (Entered: 05/25/2005) |
| 05/25/2005 | | | |

| | | | |
|---|---|---|---|
| | | | Docket Text ORDER: Counsel for all parties shall appear before this Court on Tuesday, May 31, 2005, at 10:30 a.m. for a hearing on Government's Motion to Clarify Status Conference [doc. #41]. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 05/25/2005) |
| 05/31/2005 | 44 | | Minute Entry for proceedings held before Judge E. Richard Webber : Motion Hearing held on 5/31/2005 re 41 MOTION to Clarify 40 Status Conference,, Set Deadlines/Hearings, *and to Further Narrow the Issues Subject to a Hearing* filed by USA. Hearing conducted. Issues heard from counsel. Order to follow. (Court Reporter or FTR Gold Operator initials:G. Beilsmith.) (FTR Gold yes or no: no.) (proceedings started: 10:37 a.m.) (proceedings ended: 10:51 a.m.) (JMW, ) (Entered: 06/01/2005) |
| 06/01/2005 | 45 | | ORDER denying 41 Motion to Clarify Signed by Judge E. Richard Webber on 6/1/2005. (JMW, ) (Entered: 06/01/2005) |
| 06/28/2005 | 46 | | CJA 30: Authorization to Pay Christopher McGraugh in Death Penalty Proceedings Voucher # 050518000030.. Signed by Judge E. Richard Webber on 6/20/05. (BAK, ) (Entered: 07/01/2005) |
| 07/01/2005 | 47 | | CJA 30: Authorization to Pay Michael Gorla in Death Penalty Proceedings Voucher # 050623000004. Signed by Judge E. Richard Webber on 6/20/2005. (JMW, ) (Entered: 07/11/2005) |
| 07/18/2005 | 48 | | Minute Entry for proceedings held before Judge E. Richard Webber : Day One of evidentiary hearing re 2 Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Norris G. Holder; Testimony of witnesses heard; Matter to continue 7/19/05 @ 8:30 a.m.. (Court Reporter or FTR Gold Operator initials:Gail Beilsmith.) (FTR Gold yes or no: no.) (proceedings started: 1:03.) (proceedings ended: 5:09.) (BAK, ) (Entered: 07/19/2005) |
| 07/19/2005 | 49 | | Minute Entry for proceedings held before Judge E. Richard Webber: Parties present for DAY TWO of the EVIDENTIARY HEARING regarding Petitioner's Motion To Vacate Illegal Sentence (doc.#2). PETITIONER's evidence resumed but was not concluded. Exhibit List is maintained by the Court. Witnesses of this date: Jennifer Herndon and Richard Burr. Proceedings are to continue Wednesday July 20, 2005 at 9:45 a.m. (Court Reporter: Gayle Beilsmith.) (FTR Gold yes or no: no.) (proceedings started: 08:40 a.m.) (proceedings ended: 4:30 p.m.) (BDC, ) (Entered: 07/19/2005) |
| 07/20/2005 | 50 | | Minute Entry for proceedings held before Judge E. Richard Webber: Parties present for DAY THREE of the EVIDENTIARY HEARING regarding Petitioner's Motion |

FEB 9 2010 8

| | | | |
|---|---|---|---|
| | | | To Vacate Illegal Sentence (doc.#2). PETITIONER's evidence resumed and concluded. The UNITED STATES presented no evidence. The Court set the following briefing schedule at the recommendation of counsel: Petitioner's post hearing brief will be due 60 days after receipt of the transcript. The U.S.A.'s response shall be due 60 days from that date and the Petitioner's reply brief shall be due within 20 days of receipt of the U.S.A.?s response. (Court Reporter: Shannon White.) (FTR Gold yes or no: no.) (proceedings started: 9:45 a.m.) (proceedings ended: 10:15 a.m.)(BDC) (Entered: 07/20/2005) |
| 08/05/2005 | 51 | | CJA 30: Authorization to Pay appointed attorney Michael J. Gorla in Death Penalty Proceedings Voucher # 050624000009. Signed by Judge E. Richard Webber on 06/30/05. (BDC) (Entered: 08/05/2005) |
| 09/15/2005 | 52 | | ORIGINAL TRANSCRIPT (Pilot) procdings of Evidentiary Hearing –– Vol III held on 7/20/05 before Judge E. Richard Webber. Court Reporter: S. White. The transcript filed with the court will not be remotely available until such time as the period for redaction has expired or a request for redaction has been received and the redacted transcript filed. For additional information see the Notice/Instructions to the Bar regarding Electronic Availability of Civil Transcripts on the Court's website at www.moed.uscourts.gov (KCM, ) (Entered: 09/15/2005) |
| 09/19/2005 | 53 | | ORIGINAL TRANSCRIPT (Pilot) procdings of Evidentiary Hearing ––– Vol I held on 7/18/05 before Judge E. Richard Webber. Court Reporter: G. Beilsmith. The transcript filed with the court will not be remotely available until such time as the period for redaction has expired or a request for redaction has been received and the redacted transcript filed. For additional information see the Notice/Instructions to the Bar regarding Electronic Availability of Civil Transcripts on the Court's website at www.moed.uscourts.gov (KCM, ) (Entered: 09/19/2005) |
| 09/19/2005 | 54 | | ORIGINAL TRANSCRIPT (Pilot) procdings of Evidentiary Hearing ––– Vol II held on 7/19/05 before Judge E. Richard Webber. Court Reporter: G. Beilsmith. The transcript filed with the court will not be remotely available until such time as the period for redaction has expired or a request for redaction has been received and the redacted transcript filed. For additional information see the Notice/Instructions to the Bar regarding Electronic Availability of Civil Transcripts on the Court's website at www.moed.uscourts.gov (KCM, ) (Entered: 09/19/2005) |
| 09/20/2005 | | | Docket Text ORDER: The Transcripts of the Evidentiary Hearing in this matter have been prepared. Post Hearing briefing will be as follows: Petitioner's Post–hearing Brief |

| | | | |
|---|---|---|---|
| | | | shall be filed with this Court no later than November 18, 2005. Government's Response shall be filed within sixty (60) days of Petitioner's Brief and any Reply by Petitioner shall be filed within twenty (20) days of said Response. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 09/20/2005) |
| 10/12/2005 | 55 | | CJA 24: Authorization to Pay Shannon White Voucher # 051003000034.. Signed by Judge E. Richard Webber on 10/11/05. (BAK, ) (Entered: 10/13/2005) |
| 10/12/2005 | 56 | | CJA 24: Authorization to Pay Gayle Beilsmith Voucher # 051003000035.. Signed by Judge E. Richard Webber on 9/22/05. (BAK, ) (Entered: 10/13/2005) |
| 10/31/2005 | 57 | | ORDER (Filed under seal – terminating doc.#43). Signed by Judge E. Richard Webber on 10/14/2005. (Signed by USCA Chief Judge Loken on 10/24/2005.), copy sent to designated party.(JMW) (Entered: 10/31/2005) |
| 11/03/2005 | 58 | | CJA 30: Authorization to Pay Christopher McGraugh in Death Penalty Proceedings Voucher # 050804000006.. Signed by Judge E. Richard Webber on 11/1/05. (BAK, ) (Entered: 11/07/2005) |
| 11/03/2005 | 59 | | CJA 30: Authorization to Pay Michael Gorla in Death Penalty Proceedings Voucher # 050809000009.. Signed by Judge E. Richard Webber on 11/1/05. (BAK, ) (Entered: 11/07/2005) |
| 11/03/2005 | 60 | | CJA 30: Authorization to Pay Christopher McGraugh in Death Penalty Proceedings Voucher # 051005000015.. Signed by Judge E. Richard Webber on 11/1/05. (BAK, ) (Entered: 11/07/2005) |
| 11/15/2005 | 61 | | MOTION for Extension of Time to File ;Extension to file the following: Post–Hearing Brief ;Proposed extension date December 9, 2005 by Petitioner Norris G. Holder. (Gorla, Michael) (Entered: 11/15/2005) |
| 11/16/2005 | | | Docket Text ORDER: Motion for Extension of Time [doc.#61] is GRANTED. Petitioner's Post–Hearing Brief shall be filed with this Court no later than December 9, 2005. Government shall have sixty (60) days to file a Response and any Reply by Petitioner shall be filed within twenty (20) days thereafter. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 11/16/2005) |
| 11/18/2005 | 62 | | CJA 31: Authorization to Pay Jane M. Rich in Death Penalty Proceedings. Voucher # 051103000001. Signed by Judge E. Richard Webber on 10/28/2005. (JMW) (Entered: 11/18/2005) |
| 11/18/2005 | 63 | | CJA 31: Authorization to Pay Jane M. Rich in Death Penalty Proceedings. Voucher # 051103000002. Signed by Judge E. |

| | | | |
|---|---|---|---|
| | | | Richard Webber on 10/28/2005. (JMW) (Entered: 11/18/2005) |
| 12/09/2005 | 64 | | POST–HEARING BRIEF by Petitioner Norris G. Holder. (Gorla, Michael) Modified on 5/21/2007 (BAB). (Entered: 12/09/2005) |
| 12/23/2005 | 65 | | CJA 30: Authorization to Pay Christopher E. McGraugh in Death Penalty Proceedings Voucher # 05120600049. Signed by Judge E. Richard Webber on 12/12/2005. (JMW) (Entered: 12/23/2005) |
| 01/30/2006 | 66 | | MOTION for Extension of Time to File Response/Reply as to 64 Memorandum *to Respond to Movant's Post–Hearing Brief* by Respondent USA. (Holtshouser, Steven) (Entered: 01/30/2006) |
| 01/31/2006 | | | Docket Text ORDER: Motion for Extension of Time [doc. #66] is GRANTED. Government's Response to Movant's Post–Hearing Brief shall be filed with this Court no later than March 21, 2006. Any Reply by Movant shall be filed within twenty (20) days thereafter. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 01/31/2006) |
| 03/06/2006 | 67 | | MOTION to Stay re 64 Memorandum *on Movant's Section 2255 Motin or in the Alternative, For an Extension of Time to File Respondent's Post–Hearing Brief* by Respondent USA. (Attachments: # 1)(Holtshouser, Steven) (Entered: 03/06/2006) |
| 03/07/2006 | | | Docket Text ORDER: Counsel for all parties shall be available for a telephone Motion Hearing on March 15, 2006, at 10:00 a.m. on Respondent's Motion to Stay [doc. #67]. The Court will initiate this call with counsel on the date and time stated above. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 03/07/2006) |
| 03/15/2006 | 68 | | Minute Entry for proceedings held before Judge E. Richard Webber: Motion Hearing held on 3/15/2006 re doc.# 67 , the MOTION to Stay re 64 Memorandum *on Movant's Section 2255 Motin or in the Alternative, For an Extension of Time to File Respondent's Post–Hearing Brief* filed by USA, Motion is GRANTED. ORDER TO ISSUE. (Court Reporter: Gayle Madden.) (FTR Gold yes or no: no.) (proceedings started: 10:00 a.m.) (proceedings ended: 10:15 a.m.)(BDC) (Entered: 03/15/2006) |
| 04/04/2006 | 69 | | ORDER – IT IS HEREBY ORDERED that Government's motion to Stay 67 is GRANTED. IT IS HEREBY ORDERED that briefing on movant's Section 2255 motion is stayed pending a ruling by the United States Supreme Court in Allen v. USA No. 05–6764 on petitioner Allen's petition for a writ of certiorari. IT IS FURTHER ORDERED that upon notice to the government of the Supreme Court's action |

FEB 9 2010 11

| | | | |
|---|---|---|---|
| | | | in the Allen case, the government shall notify this Court of the action taken and submit a memorandum with suggestions for reestablishing the briefing schedule in this case. IT IS FURTHER ORDERED that if at the time the Supreme Court rules on the petition for a writ if certiorari in Allen the Supreme Court has not also ruled in "Washington v. Recuenco" No. 05–83 or "United States v. Resendiz–Ponce" No. 05–998, either party may present further requests concerning briefing in this case. IT IS FURTHER ORDERED that a telephone status conference will be held 7/7/06. Telephone Conference set for 7/7/2006 08:30 AM in Chambers before Honorable E. Richard Webber.. Signed by Judge E. Richard Webber on 4/4/06. (BAK, ) (Entered: 04/04/2006) |
| 04/20/2006 | 70 | | Letter to Judge Webber from AUSA Steven Holtshouser re: status of certiorari in US. v. Wan Resendiz–Ponce. (BAK, ) (Entered: 04/21/2006) |
| 07/05/2006 | 71 | | CJA 30: Authorization to Pay Christopher McGraugh in Death Penalty Proceedings Voucher # 060123000001. Signed by Judge E. Richard Webber on JUne 23, 2006. (MCB) (Entered: 07/10/2006) |
| 07/05/2006 | 72 | | CJA 30: Authorization to Pay Michael Gorla in Death Penalty Proceedings Voucher # 060327000020. Signed by Judge E. Richard Webber on June 23, 2006. (MCB) (Entered: 07/10/2006) |
| 07/10/2006 | 73 | | Minute Entry for proceedings held before Judge E. Richard Webber : Status Conference held on 7/10/2006. Attorneys advise Court on status of case. New status conference set for January 3, 2007 at 10:00 a.m. (Court Reporter or FTR Gold Operator initials:G. Madden.) (proceedings started: 8:25.) (proceedings ended: 8:30.) (MCB) (Entered: 07/10/2006) |
| 10/18/2006 | 74 | | Letter to Judge Webber from AUSA Steven Holthouser Re: Update on the progress of United States vs. Juan Resendiz–Ponce, No 05–998 in the United States Supreme Court. (JMW) (Entered: 10/20/2006) |
| 01/03/2007 | | | Docket Text ORDER: Pursuant to the Hearing held on January 3, 2007, the previous Stay issued pending ruling by the U.S. Supreme court in another matter is continued. A Telephone Status Conference will be held on March 15, 2007, at 10:00 a.m. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 01/03/2007) |
| 01/03/2007 | 75 | | Minute Entry for proceedings held before Judge E. Richard Webber : Telephone Status Conference held on 1/3/2007. Issues heard. Parties asked that the case remains stayed. Judge Webber will issue an order to continue stay. Telephone Status Conference set for March 15, 2007 at 10:00 a.m. (Court Reporter or FTR Gold Operator initials:G. |

| | | | |
|---|---|---|---|
| | | | Madden) (FTR Gold yes or no: no) (proceedings started: 10:11 a.m.) (proceedings ended: 10:14 a.m.) (JMW) (Entered: 01/03/2007) |
| 01/26/2007 | | | Docket Text ORDER: The Stay on this case is lifted and the previously scheduled March 15, 2007 status conference is vacated. The parties shall submit a Proposed Scheduling Order for the Court's consideration no later than February 5, 2007. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 01/26/2007) |
| 02/05/2007 | 76 | | Joint MOTION for Extension of Time to File ;Extension to file the following: Briefing Schedule ;Proposed extension date March 7, 2007 by Petitioner Norris G. Holder. (Gorla, Michael) (Entered: 02/05/2007) |
| 02/05/2007 | | | Docket Text ORDER: Joint Motion for Extension of Time [doc. #76] is GRANTED. The parties shall submit a Proposed Scheduling Order for the Court's consideration no later than March 7, 2007. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 02/05/2007) |
| 03/06/2007 | 77 | | JOINT SCHEDULING PLAN by Respondent USA.. (Attachments: # 1 Order)(Holtshouser, Steven) (Entered: 03/06/2007) |
| 03/07/2007 | | | Docket Text ORDER: The Court has reviewed the Joint Scheduling Plan [doc. #77] submitted by the parties. Government's Post–Hearing Brief shall be filed no later than May 7, 2007. Petitioner's Reply Brief shall be filed no later than June 7, 2007. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 03/07/2007) |
| 05/03/2007 | 78 | | MOTION for Extension of: Time to Submit Government's Post–Hearing Memorandum by Respondent USA. (Holtshouser, Steven) (Entered: 05/03/2007) |
| 05/04/2007 | | | Docket Text ORDER: Motion for Extension of Time [doc. #78] is GRANTED. Government's Post–Hearing Brief shall be filed no later than May 21, 2007. Petitioner's Reply Brief shall be filed no later than June 21, 2007. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 05/04/2007) |
| 05/21/2007 | 79 | | RESPONSE to Movant's Post–Hearing Brief re 64 Memorandum by Respondent USA. (Holtshouser, Steven) Modified on 5/21/2007 (BAB). (Entered: 05/21/2007) |
| 06/19/2007 | 80 | | MOTION for Extension of Time to File ;Extension to file the following: Post–Hearing Reply Brief ;Proposed extension date July 6, 2007 by Petitioner Norris G. Holder. (Gorla, Michael) (Entered: 06/19/2007) |
| 06/20/2007 | | | Docket Text ORDER: Motion for Extension of Time [doc. #80] is GRANTED. Movant's Post–Hearing Reply Brief shall be filed no later than July 6, 2007. So Ordered by Judge |

FEB 9 2010 13

| | | | | |
|---|---|---|---|---|
| | | | | E. Richard Webber. (BAB) (Entered: 06/20/2007) |
| 07/06/2007 | 81 | | | REPLY (to termed motion) re 79 MOTION for Hearing re 64 Memorandum *Response to Movant's Post–Hearing Brief* filed by Petitioner Norris G. Holder. (Gorla, Michael) (Entered: 07/06/2007) |
| 07/06/2007 | 82 | | | NOTICE by Petitioner Norris G. Holder re 64 Memorandum – Footnote Corrections: (Gorla, Michael) (Entered: 07/06/2007) |
| 10/01/2007 | 83 | | | CJA 30: Authorization to Pay Michael Gorla in Death Penalty Proceedings. Voucher # 070802000003. Interim 9; FILED UNDER SEAL. Signed by Judge E. Richard Webber on 9/27/07. (RJD) (Entered: 10/03/2007) |
| 10/01/2007 | 84 | | | CJA 30: Authorization to Pay Christopher McGraugh in Death Penalty Proceedings. Voucher # 070813000014. Interim; FILED UNDER SEAL. Signed by Judge E. Richard Webber on 9/27/07. (RJD) (Entered: 10/03/2007) |
| 05/02/2008 | 85 | | | CJA 30: Authorization to Pay Michael J. Gorla in Death Penalty Proceedings Voucher # 080408000012, Interim 10. FILED UNDER SEAL. Signed by Honorable E. Richard Webber on 4/10/08. (KCM) (Entered: 05/02/2008) |
| 05/02/2008 | 86 | | | CJA 30: Authorization to Pay Michael J. Gorla in Death Penalty Proceedings Voucher # 080408000013, Interim 11. Signed by Honorable E. Richard Webber on 4/14/08. FILED UNDER SEAL.(KCM) (Entered: 05/02/2008) |
| 07/22/2008 | 87 | | | MEMORANDUM AND ORDER re: 12 MOTION to Vacate, Set Aside or Correct Sentence (2255) filed by Norris G. Holder. IT IS HEREBY ORDERED that Peitioner's Motion under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Conviction and Sentencing [doc. #12] is DENIED. IT IS FURTHER ORDERED that a Certificate of Appealability is GRANTED in part and DENIED in part, in accordance with the terms of this order. Signed by Honorable E. Richard Webber on July 22, 2008. (MCB) (Entered: 07/22/2008) |
| 07/22/2008 | 88 | | 17 | Certificate of Appealability IT IS HEREBY ORDERED that a certificate of appealability is issued on the following claims: 1) Violation of the Fifth Amendment indictment clause; 2) Ineffective assistance of counsel: counsel advised Petitioner to testify, making Petitioner eligible for thedeath penalty (12(C)(b)), counsel conceded in opening statement and closing argument Petitioner's role in the underlying robbery, making him eligible for the death penalty (12(C)(c)), counsel failed to retain a ballistic expert (12(C)(d)), counsel failed to investigate Petitioner's mental condition (12(C)(f)), counsel's failure to object to second statutory aggravator (12(C)(i)).A certificate of appealability |

FEB 9 2010 14

| Date | Doc # | | Text |
|---|---|---|---|
| | | | is not issued on any of Petitioner's remaining claims. Signed by Honorable E. Richard Webber on July 22, 2008. (MCB) (Entered: 07/22/2008) |
| 07/30/2008 | 89 | 19 | JUDGMENT. ORDERED, ADJUDGED, AND DECREED that Defendant United States of America shall have judgment against Plaintiff Norris G. Holder on his Motion to Vacate, Set Aside, or Amend Judgment. Plaintiff's claims are DISMISSED with prejudice. Signed by Honorable E. Richard Webber on 7/30/08. (KLH) (Entered: 07/30/2008) |
| 08/13/2008 | 90 | | MOTION to Alter Judgment *Pursuant to Rule 59(e)* by Petitioner Norris G. Holder. (Attachments: # 1 Exhibit Ex. 1 – Affidavit of Russell Stetler, # 2 Exhibit Ex. 2 – Affidavit of Kathleen Wayland, Ph.D., # 3 Exhibit Ex. 3 – Affidavit of Jennifer Merrigan)(Gorla, Michael) (Entered: 08/13/2008) |
| 08/21/2008 | 91 | | MOTION for Extension of Time to File Response/Reply as to 90 MOTION to Alter Judgment *Pursuant to Rule 59(e)* MOTION to Alter Judgment *Pursuant to Rule 59(e)* by Respondent USA. (Holtshouser, Steven) (Entered: 08/21/2008) |
| 08/21/2008 | | | Docket Text ORDER: Motion for Extension of Time [doc. #91] is GRANTED. Government's Response to Petitioner's Motion to Alter Judgment [doc. #90] shall be filed no later than October 24, 2008. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 08/21/2008) |
| 09/19/2008 | 92 | | CJA 30: Authorization to Pay Christopher McGraugh in Death Penalty Proceedings Voucher # 080910000015. Signed by Honorable E. Richard Webber on 9/17/08. (KLH) (Entered: 09/22/2008) |
| 09/19/2008 | 93 | | CJA 30: Authorization to Pay Michael Gorla in Death Penalty Proceedings Voucher # 080910000016. Signed by Honorable E. Richard Webber on 9/12/08. (KLH) (Entered: 09/22/2008) |
| 10/15/2008 | 94 | | NOTICE of Change of Address filed by Christopher E. McGraugh (McGraugh, Christopher) (cc: OSU) (Entered: 10/15/2008) |
| 10/20/2008 | 95 | | CJA 30: Authorization to Pay Christopher McGraugh in Death Penalty Proceedings Voucher # 080910000013. Signed by Honorable E. Richard Webber on 9/12/08. (KLH) (Entered: 10/20/2008) |
| 10/24/2008 | 96 | | RESPONSE to Motion re 90 MOTION to Alter Judgment *Pursuant to Rule 59(e)* MOTION to Alter Judgment *Pursuant to Rule 59(e)* filed by Respondent USA. (Holtshouser, Steven) (Entered: 10/24/2008) |
| 10/27/2008 | 97 | | MOTION for Extension of Time to File Response/Reply as to 96 Response to Motion by Petitioner Norris G. Holder. |

| | | | |
|---|---|---|---|
| | | | (Gorla, Michael) (Entered: 10/27/2008) |
| 10/27/2008 | | | Docket Text ORDER: Motion for Extension of Time [doc. #97] is GRANTED. Petitioner's Reply relating to the pending Motion to Alter Judgment [doc. #90] shall be filed no later than November 21, 2008. So Ordered by Judge E. Richard Webber. (BAB) (Entered: 10/27/2008) |
| 11/21/2008 | 98 | | REPLY to Response to Motion re 90 MOTION to Alter Judgment *Pursuant to Rule 59(e)* MOTION to Alter Judgment *Pursuant to Rule 59(e)* filed by Petitioner Norris G. Holder. (Attachments: # 1 Exhibit Exhibit 1 – Dr. Leslie Lebowitz Declaration, # 2 Exhibit Exhibit 2 – Terry Jett Declaration, # 3 Exhibit Exhibit 3 – Andrew Bell Declaration, # 4 Exhibit Exhibit 4 – Keisha Brown Declaration, # 5 Exhibit Exhibit 5 – Nickia Harris Declaration, # 6 Exhibit Exhibit 6 – Yolanda Curry Declaration, # 7 Exhibit Exhibit 7 – Cortez Harris Declaration, # 8 Exhibit Exhibit 8 – Tanitra Harris Declaration)(Gorla, Michael) (Entered: 11/21/2008) |
| 12/14/2009 | 99 | 20 | MEMORANDUM AND ORDER. IT IS HEREBY ORDERED that Petitioner Norris G. Holder's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [doc. #90] is DENIED. Signed by Honorable E. Richard Webber on 12/14/09. (RJD) (Entered: 12/14/2009) |
| 02/08/2010 | 100 | 57 | NOTICE OF APPEAL as to 89 Judgment, 99 Memorandum &Order by Petitioner Norris G. Holder. Modified text on 2/9/2010 (KLH). (Entered: 02/08/2010) |
| 02/09/2010 | 101 | 59 | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by clerk to USCA regarding 100 Notice of Appeal. Notice of Appeal filed on 02/08/2010 by Petitioner Norris G. Holder. NOTIFICATION TO COUNSEL AND PRO SE PARTY: FILE REQUEST FOR TRANSCRIPT WITH DISTRICT COURT CLERKS OFFICE. SUBMIT FORM A &B TO EIGHTH CIRCUIT CLERKS OFFICE(JMW) (Entered: 02/09/2010) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NORRIS HOLDER,                          )
                                        )
        Plaintiff(s),                   )
                                        )
vs.                                     )        Case No. 4:03CV00923 ERW
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        Defendant(s).                   )

**<u>CERTIFICATE OF APPEALABILITY</u>**

In accordance with the Memorandum and Order of this Court filed on this date and

incorporated herein,

**IT IS HEREBY ORDERED** that a certificate of appealability is issued on the following

claims:

- Violation of the Fifth Amendment indictment clause;

- Ineffective assistance of counsel:

    - counsel advised Petitioner to testify, making Petitioner eligible for the

        death penalty (12(C)(b)),

    - counsel conceded in opening statement and closing argument Petitioner's

        role in the underlying robbery, making him eligible for the death penalty

        (12(C)(c)),

    - counsel failed to retain a ballistic expert (12(C)(d)),

    - counsel failed to investigate Petitioner's mental condition (12(C)(f)),

    - counsel's failure to object to second statutory aggravator (12(C)(i)).

1

A certificate of appealability is not issued on any of Petitioner's remaining claims.

So Ordered this 22nd Day of July, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

FEB 9 2010 18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORRIS G. HOLDER, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV00923 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant(s). | ) | |

## **JUDGMENT**

In accordance with the memorandum and order entered on July 22, 2008, and incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant United States of America shall have judgment against Plaintiff Norris G. Holder on his Motion to Vacate, Set Aside, or Amend Judgment. Plaintiff's claims are **DISMISSED with prejudice**.

Dated this 30th Day of July, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

1

FEB 9 2010 19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORRIS G. HOLDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV00923 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Norris G. Holder's Motion to Alter or

Amend Judgment Pursuant to Rule 59(e) [doc. #90].

## I.    BACKGROUND AND PROCEDURAL HISTORY[1]

Petitioner Norris G. Holder ("Petitioner") and Billie Jerome Allen ("Mr. Allen") were

charged under a two-count indictment with bank robbery by force or violence in which a killing

occurred, in violation of 18 U.S.C. § 2113(a), (e) (Count I), and carrying a firearm during a crime

of violence which resulted in murder, in violation of 18 U.S.C. § 924(c)(1), (j) (Count II).  These

charges stemmed from the March 17, 1997 robbery of Lindell Bank and Trust Company, during

which Richard Heflin, a security guard for the bank, was killed.  Petitioner pled not guilty to both

counts, and he was tried separately from Mr. Allen, in a jury trial that was separated into a guilt

---

[1]The Court will not, at this time, recite the particular facts of this case.  The Court included a thorough recitation of all relevant facts in its July 22, 2008 Memorandum and Order [doc. #87], denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Convictions and Sentences by a Person in Federal Custody.  The Court will adopt and rely on the facts set forth in that Order, in lieu of repeating them here.

FEB 9 2010 20

phase and a penalty phase. The guilt phase proceedings concluded on March 26, 1998, when

Petitioner was convicted on both counts of the indictment. On April 3, 1998, upon the conclusion

of the penalty phase proceedings, the jury recommended the death penalty. The Court formally

sentenced Petitioner to death on both counts in accordance with the jury's verdict on July 23,

1998. Subsequently, Petitioner appealed his conviction and sentence to the United States Court

of Appeals for the Eighth Circuit, and thereafter, to the United States Supreme Court. Petitioner

was unsuccessful in pursuing these appeals.

Following the conclusion of his direct appeal, Petitioner filed a Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Convictions and Sentences by a Person in Federal Custody

[doc. #12] in this Court. In this Motion, Petitioner raised three main grounds for relief: violation

of the Fifth Amendment indictment clause, the jury's improper consideration of the pecuniary gain

statutory aggravator, and ineffective assistance of counsel.[2] This Court determined that an

evidentiary hearing would be held, but that it would be limited to the following grounds for relief:

violation of the Fifth Amendment indictment clause, the jury's improper consideration of the

pecuniary gain statutory aggravator, counsel's unreasonable and prejudicial failure to challenge

the indictment, counsel's unreasonable and prejudicial advice that Petitioner should testify,

counsel's unreasonable and prejudicial concession of guilt during the opening statement and

closing argument, and counsel's prejudicial act of sleeping during critical stages of the

---

[2]In his § 2255 Motion, Petitioner set forth numerous bases for his ineffective assistance of counsel claim: failing to challenge the indictment, advising Petitioner to testify, acknowledging Petitioner's guilt to the jury, failing to obtain a ballistics expert, failing to interview a mitigation witness, failing to investigate Petitioner's mental condition, showing the movies Set It Off and Heat in their entirety, sleeping during the trial, failing to move to strike the pecuniary gain statutory aggravating factor, failing to object to victim impact evidence, and failing to allow mitigation counsel to give the penalty phase closing argument.

FEB 9 2010 21

proceedings.  The Evidentiary Hearing was held on July 18-20, 2005.  Post-hearing briefs were filed, and on July 22, 2008, this Court issued an Order [doc. #87], denying Petitioner's § 2255 Motion.  The Court also issued a certificate of appealability on the following claims: violation of the Fifth Amendment indictment clause, counsel's advice that Petitioner should testify, counsel's concession of guilt during the opening statement and closing argument, counsel's failure to retain a ballistics expert, counsel's failure to investigate Petitioner's mental condition, and counsel's failure to object to the second statutory aggravator.

After this Court denied Petitioner's § 2255 Motion, Petitioner filed the pending Motion to Alter or Amend Judgment Pursuant to Rule 59(e).  In his Rule 59(e) Motion, Petitioner argues that the Court made material mistakes of law or fact in its July 28, 2008 denial of Petitioner's § 2255 Motion, which allow the Court to alter or amend that judgment.  Specifically, Petitioner argues that the Court made errors of law or fact in its analysis of the following ineffective assistance of counsel issues:  Petitioner's testimony at trial and trial counsel's opening and closing statements, failure to obtain a ballistics expert, failure to interview mitigation witnesses, failure to investigate Petitioner's mental condition, trial counsel's sleeping during portions of the trial, and trial counsel's decision to give the penalty phase closing argument.  The Government filed its Response to Petitioner's Motion [doc. #96] on October 24, 2008, and Petitioner filed his Reply [doc. #98] on November 21, 2008.

## II.    LEGAL STANDARD

Motions filed under Federal Rule of Civil Procedure 59(e) "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.

3

1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988)). "It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment." *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444, 446 (E.D. Mo. 1997) (internal quotations omitted); *see also Innovative Home Health Care*, 141 F.3d at 1286 ("Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."). Rather, "'Federal Rule of Civil Procedure 59(e) provides a means to support reconsideration [by the court] of matters properly encompassed in a decision on the merits. Under [R]ule 59(e), the court may consider issues previously before it, and generally may examine the correctness of the judgment itself.'" *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 620 (8th Cir. 2009) (quoting *Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir. 1987)) (first alteration in original). "[T]he Rule was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations and alterations omitted). "'A district court has broad discretion in determining whether to grant a motion to alter or amend judgment.'" *Global Network Techs., Inc. v. Reg'l Airport Auth. of Louisville & Jefferson County*, 122 F.3d 661, 665 (8th Cir. 1997) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988)).

Each of the grounds raised by Petitioner as the basis for his Rule 59(e) Motion arises out of the Court's rejection of Petitioner's various ineffective assistance of counsel claims. Thus, the legal standards applicable to ineffective assistance of counsel claims are also relevant here. Establishing ineffective assistance of counsel is "a heavy burden." *United States v. Apfel*, 97 F.3d

1074, 1076 (8th Cir. 1996). In *Strickland v. Washington*, the Supreme Court held that a showing of ineffective assistance of counsel requires a petitioner to demonstrate: (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). To prove the first prong of the *Strickland* ineffective assistance of counsel test, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. When evaluating counsel's performance, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Even if sufficient proof exists with respect to the first prong, relief may only be obtained if a petitioner also proves that the deficient performance prejudiced the case (the second prong). *Id.* at 697. The Court may address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing of one prong, the Court need not address the other prong. *See id.* at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

## III.     DISCUSSION

In his Rule 59(e) Motion, Petitioner identified six general areas in which he alleges the Court made errors of law or fact. The Court will now address each of his arguments, in turn.

### A.     PETITIONER'S TESTIMONY AT TRIAL AND TRIAL COUNSEL'S OPENING STATEMENT AND CLOSING ARGUMENT

Petitioner alleges that this Court erred in its conclusion regarding several decisions made by defense counsel Charles M. Shaw ("Mr. Shaw") during Petitioner's jury trial, particularly Mr.

FEB 9 2010 24

Shaw's decision to advise Petitioner to testify at trial, and Mr. Shaw's decision to concede Petitioner's involvement in the bank robbery during the opening statement and closing arguments. Petitioner argues that these decisions made by Mr. Shaw were unreasonable and were based on a misunderstanding of the law. Specifically, Petitioner argues that Mr. Shaw was confused about the charges filed against Petitioner, and about the requisite mens rea.

This Court initially rejected Petitioner's ineffective assistance of counsel arguments regarding Mr. Shaw's concession of guilt and advice to testify in its July 28, 2008 Memorandum and Order. In that Order, the Court analyzed Mr. Shaw's trial strategy of admitting Petitioner's involvement in the crime in order to gain credibility in arguing Petitioner's lack of intent and his belief that no one would be harmed, and concluded that it was not unreasonable. Because Mr. Shaw's representation of Petitioner was not unreasonable, the Court found that it did not amount to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner now asserts that the Court made errors of fact or law in reaching this conclusion. Much of Petitioner's support for this assertion consists of a reiteration of the exact same facts, evidence, and arguments that were before this Court when it rejected this ineffective assistance of counsel claim the first time (in Petitioner's § 2255 Motion). The Court need not reconsider the same arguments that it has already rejected. *See United States v. McElrath*, 2009 WL 1657453, at *1-*2 (D. Minn. 2009) ("Defendant, who unsuccessfully asserted this argument in his § 2255 motion, may not relitigate this issue in a Rule 59(e) motion. . . . The remainder of Defendant's Rule 59(e) motion repeats arguments made by Defendant in his § 2255 motion. Defendant may not relitigate those issue in a Rule 59(e) motion."); *Wang v. Mueller*, 2007 WL 3312792, at *1 (E.D. Mo. 2007); *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 174 F.R.D. 444,

FEB 9 2010 25

446 (E.D. Mo. 1997) ("It is not appropriate to use a Rule 59(e) motion to repeat arguments.") However, for the sake of thoroughness, the Court points out that it specifically set forth the elements of the charges against Petitioner, and specifically found that Mr. Shaw's trial strategy took these elements into account, focusing on the element which required that Petitioner be aware of a serious risk of death. The Court also found that the decisions made by Mr. Shaw during the guilt phase were made with a view toward obtaining leniency from the jury during the penalty phase of the trial. The Court made these findings in view of all of the applicable evidence and, as such, stands by them, wholly. Accordingly, Petitioner's assertion that Mr. Shaw did not understand the charges or the applicable law is rejected.

Petitioner does make several arguments that directly challenge the correctness of the Court's judgment in denying this ineffective assistance of counsel claim. *See Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 620 (8th Cir. 2009) ("Under [R]ule 59(e), the court may consider issues previously before it, and generally may examine the correctness of the judgment itself."). First, Petitioner states that the Court applied the incorrect standard to Petitioner's ineffective assistance of counsel claim. Petitioner argues that the Court should have elected to apply the standard articulated in *United States v. Cronic*, 466 U.S. 648 (1984), in lieu of the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). As set forth above, *Strickland* provides that a showing of ineffective assistance of counsel requires a petitioner to demonstrate: (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that counsel's "deficient performance prejudiced the defense." *Id.* at 687. In rejecting Petitioner's ineffective assistance of counsel claim based on Mr. Shaw's concession of

7

guilt and advice to testify, the Court applied the *Strickland* requirements and concluded that Petitioner had failed to demonstrate that Mr. Shaw's performance was deficient.

In *United States v. Cronic*, the United States Supreme Court created a narrow exception to the *Strickland* requirements, when it determined that prejudice should be presumed in "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." 466 U.S. at 658. Specifically, the Supreme Court found that "[t]he presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." *Id.* at 659. "Similarly, if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *Id.* Petitioner's argument is based on the latter set of circumstances identified in *Cronic*; Petitioner asserts that "[b]y conceding [P]etitioner's guilt in opening and closing statements and by putting him on the witness stand to admit that he participated in the bank robbery armed with military assault rifles, counsel Shaw failed to subject the government's case to meaning [sic] adversarial testing." (Pet.'s Mtn., doc. #90, p.11).

The Court rejects Petitioner's argument that Mr. Shaw's trial strategy failed to subject the Government's case to meaningful adversarial testing, and finds that it was proper to apply *Strickland* and not *Cronic*. In *Florida v. Nixon*, the United States Supreme Court rejected a similar argument, and found that a defense attorney's concession of his or her client's guilt "does not rank as a fail[ure] to function in any meaningful sense as the Government's adversary." 543 U.S. 175, 190 (2004) (internal quotations omitted; alteration in original). The Supreme Court went on to note that "[a]lthough such a concession in a run-of-the-mine trial might present a

FEB 9 2010 27

closer question, the gravity of the potential sentence in a capital trial and the proceeding's two-phase structure vitally affect counsel's strategic calculus." *Id.* at 190-91.[3]  The Supreme Court then concluded that "counsel cannot be deemed ineffective for attempting to impress the jury with his candor and his unwillingness to engage in 'a useless charade.'" *Id.* at 192 (quoting *Cronic*, 466 U.S. at 656-57 n.19).  Because this case similarly involves a concession of guilt in the guilt phase of Petitioner's two-phase capital trial, the Court will follow the guidance of *Nixon*, and hold that the *Cronic* presumption of prejudice does not apply in this case.[4]  Thus, Petitioner's argument based on *Cronic* does not persuade the Court that an altered or amended judgment is necessary under Rule 59(e).

Petitioner also claims that this Court erred in rejecting his ineffective assistance of counsel claim based on Mr. Shaw's concession of guilt and advice to testify because the decision "is based on supposition and is unsupported by the facts in the record below."  (Pet.'s Mtn., doc. #90, p.12).  First, the Court recognizes that Mr. Shaw unfortunately passed away before Petitioner's § 2255 Motion was even filed, and therefore did not have an opportunity to respond to Petitioner's

---

[3]The Supreme Court explained that "[a]ttorneys representing capital defendants face daunting challenges in developing trial strategies, not least because the defendant's guilt is often clear.  Prosecutors are more likely to seek the death penalty, and to refuse to accept a plea to a life sentence, when the evidence is overwhelming and the crime heinous.  In such cases, avoiding execution [may be] the best and only realistic result possible." *Florida v. Nixon*, 543 U.S. 175, 191 (2004) (internal quotations and citations omitted; second alteration in original).

[4]In his Reply to Government's Response to his Post-Hearing Brief [doc. #81], Petitioner argues that *Nixon* is inapplicable to this case because Mr. Shaw did not understand the charges against Petitioner and because Mr. Shaw did not focus on the mitigating evidence adduced at the penalty phase in an attempt to save Petitioner's life, as defense counsel did in *Nixon*.  This Court has already rejected Petitioner's argument that Mr. Shaw did not understand the charges, or the mens rea required.  Additionally, the Court has found that Mr. Shaw had a consistent strategy for both the guilt phase and the penalty phase of Petitioner's trial.  Thus, Petitioner's arguments regarding the inapplicability of *Nixon* are rejected.

FEB 9 2010 28

allegations of ineffective assistance of counsel, or to explain why he made the decisions that he made during Petitioner's trial.  As a result, any opinion rendered by this Court regarding Mr. Shaw's trial strategy will be based, at least to some extent, on the Court's observations. Nevertheless, the Court has thoroughly reviewed its July 28, 2008 Memorandum and Order, and finds that its conclusions regarding Mr. Shaw's trial strategy were not "unsupported by the facts in the record below," as alleged by Petitioner.  To the contrary, the Court thoroughly discussed the reasoning behind its conclusion, and set forth the evidence that supports it.  The following excerpts from the Court's Order are representative:

> Mr. Shaw presented Petitioner's case in the only reasonable manner possible.  From the beginning, he honestly told the jury that Petitioner was a participant in the robbery, but that he did not kill Mr. Heflin and he never intended for anyone to be harmed, and the plan in place, he believed would result in no one being harmed. Petitioner's state of mind, it was always argued, was that there was no risk of death because Petitioner believed and has always maintained that no one was to be injured.

(Order, doc. #87, pp.52-53).

> [Mr. Shaw] stated that the evidence would show, and that the defense would not refute, Petitioner's involvement in the robbery.  However counsel Shaw disputed any malice on the part of Petitioner, and specifically stated that in order to find the Petitioner guilty of murder, the jury must find malice, and counsel Shaw explained that the judge will explain later.  These statements were clearly consistent with counsel Shaw's determination that honesty regarding involvement was the best approach to save Petitioner's life.  He said, "[n]ow, jurors, the evidence is going to show, and with candor, your will hear that the defendant robbed the bank." (Vol.I p.64 l.608).

(Order, doc. #87, p.54).

> The effect of Petitioner's testimony, his stated reason for committing the bank robbery, and most importantly his testimony that he never intended to harm anyone,

FEB 9 2010 29

all supported counsel Shaw's strategy, that absent intent, Petitioner's life would be spared.

(Order, doc. #87, p.55).

At the time, counsel Shaw stated on the record, outside the presence of the jury, that he believed it was in the Petitioner's best interest to testify at trial, in an effort to humanize the Petitioner in the eyes of the jury. . . . [At the trial, Mr. Shaw stated the following on the record:] "The defendant and I discussed this. And I did suggest that he - I thought he ought to testify. I gave him my advice that because of the nature of the punishment that I thought the best thing he could to do [sic] would be testify on his own behalf." . . . . (Vol. VI p.62 L.1-p.68 L.15). The Court must give deference to Mr. Shaw's view, and cannot say, that at the time, calling Petitioner to testify was an unreasonable decision. This is particularly true, considering the overwhelming evidence of Petitioner's involvement with the bank robbery.

(Order, doc. #87, pp.55, 58, 60).

[In closing argument,] [c]ounsel Shaw continued the same theme that he had begun during opening statements, that Petitioner, while guilty of planning and participating in the robbery, did not intend any harm, and did not believe that anybody would be hurt.

(Order, doc. #87, pp.60-61).

Thus, the Court concludes that Petitioner's argument that the Court's decision "is based on supposition and is unsupported by the facts in the record below" is not persuasive and does not merit an altered or amended judgment under Rule 59(e).[5]

---

[5]The Court notes that Petitioner also argues that he was prejudiced by the performance of Mr. Shaw, as governed by *Strickland v. Washington*, 466 U.S. 668, 697 (1984). In its Order rejecting Petitioner's § 2255 Motion, the Court did not reach a conclusion regarding prejudice under *Strickland*. This is because the Court had already concluded that Mr. Shaw's performance was not deficient and, as set forth in *Strickland*, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. Because this Court has rejected Petitioner's request to alter or amend the judgment on this ineffective assistance of counsel claim, and has maintained its conclusion that Mr. Shaw's performance was not deficient, it is not necessary to reach the

11

FEB 9 2010 30

## B.    FAILURE TO OBTAIN A BALLISTICS EXPERT

Next, Petitioner alleges that this Court erred in rejecting his argument that Mr. Shaw's failure to obtain a ballistics expert for the defense amounted to ineffective assistance of counsel. In denying Petitioner's § 2255 Motion, the Court concluded that failing to obtain a ballistics expert was not unreasonable, and did not prejudice Petitioner. The Court made this conclusion under the assumption that Petitioner would have been able to locate an expert who would have testified that the three bullets that were identified as not coming from Mr. Allen's weapon could not have been fired from Petitioner's weapon. The Court based its decision on Mr. Shaw's skillful cross-examination of the Government's ballistics expert, Mr. Stubits, and on the existence of other overwhelming evidence of Petitioner's guilt. Petitioner now argues that the Court's decision was erroneous because the Court should have also analyzed the ineffective assistance of counsel claim under the assumption that a ballistics expert would have verified Mr. Stubits' expert opinion. As aptly described by the Government in its Response to Petitioner's Rule 59(e) Motion, "[n]ow, . . . [Petitioner] claims that he was prejudiced by the failure of his counsel to confirm Mr. Stubits' opinion." (doc. #96, p.4).

The Court begins by recognizing that, contrary to Petitioner's arguments, this is a new argument that is not appropriate for consideration in a Rule 59(e) Motion. *See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) ("Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."). In Petitioner's

---

prejudice inquiry in this proceeding, either.

12

FEB 9 2010 31

§ 2255 Motion, he makes the following arguments with respect to this ineffective assistance of counsel claim:

> Trial counsel unreasonably and prejudicially failed to retain and present a ballistic expert *to dispute* the government's evidence that some of the rounds fired during the bank robbery could have come from the weapon carried by [Petitioner].
>
> (2255 Mtn., doc. #12, p.13 (emphasis added)).

> The only way to break the government's chain of circumstances would have been to hire a ballistics expert to review Stubits' work *and to challenge his findings* that some of the spent shells could have come from the [Petitioner]'s weapon.
>
> (2255 Mtn., doc. #12, p.14 (emphasis added)).

> Trial counsel's failure to properly investigate, consult or offer testimony of a ballistic expert to contest the government's expert's opinion led the jury to believe that [P]etitioner fired his weapon inside the bank based on opinions of the government's expert.  But for counsel's failure to investigate, consult and offer the testimony of a ballistic expert to support the defense theory that [Petitioner] did not fire his weapon inside the bank, a reasonable likelihood exists that [Petitioner] would not have been convicted as lesser included offenses [sic], or alternatively, that he would have received a sentence of imprisonment rather tan [sic] death.
>
> (2255 Mtn., doc. #12, p.15).

These excerpts are fully representative of the arguments made by Petitioner in support of his ineffective assistance of counsel claim based on failure to obtain a ballistics expert.  In his § 2255 Motion, Petitioner never even suggested that Mr. Shaw should have retained an expert to *confirm* Mr. Stubits' opinion.  Mr. Christopher E. McGraugh, counsel for Petitioner, did briefly mention this argument during the Evidentiary Hearing held on July 18-20, 2005, however it was in the context of Petitioner's argument that Mr. Shaw's trial strategy was based on a misunderstanding

13

of the law and amounted to ineffective assistance of counsel (addressed by the Court in the preceding section). In fact, this Court issued an Order prior to the Evidentiary Hearing, narrowing the scope of the Hearing to the factual circumstances surrounding only six of Petitioner's numerous grounds for relief. Petitioner's ineffective assistance of counsel argument based on Mr. Shaw's failure to obtain a ballistics expert was *not* one of the six grounds for relief selected. Accordingly, Mr. McGraugh's statements at the Evidentiary Hearing could not have expanded Petitioner's argument regarding Mr. Shaw's failure to obtain a ballistics expert to include the argument that Petitioner now asserts.[6]

Because Petitioner's failure to confirm argument is new, it is not appropriate for the Court to consider it on a Rule 59(e) Motion. However, even if the argument had already been asserted, it would not support a finding of ineffective assistance of counsel. Briefly, if Mr. Shaw had

---

[6]Petitioner included a lengthy excerpt from the Evidentiary Hearing transcript in an attempt to demonstrate that he had previously raised the issue of Mr. Shaw's failure to confirm ballistics evidence. This excerpt clearly demonstrates that the topic was only approached in the context of the reasonableness of Mr. Shaw's trial strategy. For example, Mr. McGraugh made the following statements in response to Assistant United States Attorney Steven Holtshouser's objection that testimony about obtaining a ballistics expert was irrelevant to the issues being addressed in the Evidentiary Hearing:

> Well, Judge, it goes to the prejudice issue as to the case and particularly as to what prejudice – again, we would . . . take the position that this is a [*Cronic*] issue as it applies to the testimony and the concession of guilt, but also the Court could look at it on a *Strickland* issue and then would have to examine the prejudice of putting Mr. Holder on and conceding guilt and advising the Jury that his weapon had not been fired in the bank. . . .

> [I]t goes to the prejudice issue, Judge, as to what effect, if any, would Mr. Holder's testimony have or what error in putting Mr. Holder on the stand would have as well as his concessions both in opening and closing statement.

(Evid. Hrg. Tr., Vol.I P.120 L.15-P.121 L.11) (Reply, doc. #98, pp.4-6).

14

FEB 9 2010 33

obtained a ballistics expert who confirmed the conclusions of the Government's ballistics expert, Petitioner's defense would have been in the same situation that it was in without its own expert. The Government would offer the same evidence against Petitioner, and Mr. Shaw would have the same challenges to overcome in persuading the jury to spare Petitioner's life.  Mr. Shaw would still be able to challenge the conclusions made by the Government's expert, and he would still be able to argue that it was not Petitioner who shot and killed Mr. Heflin.  The Court has already determined that Mr. Shaw's strategy to combat the Government's evidence was reasonable, and therefore did not amount to ineffective assistance of counsel.  An additional expert opinion does not change this conclusion.

Thus, Petitioner's 59(e) Motion fails as to his argument that the Court erred in concluding that Mr. Shaw's failure to obtain a ballistics expert did not amount to ineffective assistance of counsel.

### C.    FAILURE TO INTERVIEW MITIGATION WITNESSES

Third, Petitioner argues that the Court erred in rejecting his ineffective assistance of counsel claim, based on Mr. Shaw's failure to interview a mitigation witness.  In his § 2255 Motion, Petitioner argued that Mr. Shaw unreasonably failed to interview an unknown mitigation witness who was placed in a holding cell with Petitioner at the Federal Courthouse, and who had become friends with Mr. Allen while in jail.  Petitioner argued that the witness could have supported his defense by: corroborating Petitioner's statements that he was remorseful about the death of Mr. Heflin; confirming that it was Mr. Allen who fired the fatal shots at Mr. Heflin; testifying that Mr. Allen attempted to falsify a defense that further incriminated Petitioner; and observing that Mr. Allen did not appear to be remorseful.  This Court recognized the importance

15

FEB 9 2010 34

of all evidence that may have supported a contrary verdict or sentence, but found that the outcome would not have been different if the witness's testimony were presented and that Mr. Shaw's decision not to interview the witness was reasonable. Accordingly, this Court held that Mr. Shaw's failure to interview the witness did not amount to ineffective assistance of counsel.

In his Rule 59(e) Motion, Petitioner only seeks alteration or amendment of the Court's finding with respect to the use of the witness's testimony during the penalty phase proceedings, which he alleges should have been used to demonstrate that Petitioner showed genuine remorse for the death of Mr. Heflin.[7] Petitioner makes three general arguments in support of his Motion: 1) the Court erred in concluding that Mr. Shaw's decision not to locate and interview the witness was a reasonable strategic decision; 2) the Court erred in concluding that Mr. Shaw's decision was not prejudicial; and 3) the Court erred in dismissing this ineffective assistance of counsel claim without a hearing. The Court will address each of these arguments, in turn.

1.    *Reasonableness of Decision*

With respect to the Court's conclusion that Mr. Shaw's decision not to locate and interview the unknown witness was reasonable, Petitioner alleges three errors. First, Petitioner argues that Mr. Shaw's decision could not have been reasonable because he was "not in a position to make an informed strategic choice about whether to present this witness because he failed to undertake a reasonable investigation *before* making that choice." (59(e) Motion, doc. #90, p.17). Petitioner then cites to cases which he asserts stand for the principle that failing to conduct a preliminary investigation before deciding not to call a witness to testify constitutes deficient

_____

[7]Thus, the Court need not reconsider its rejection of Petitioner's argument that the witness could have provided testimony that would be useful during the guilt phase of the proceedings, specifically regarding statements made by Mr. Allen.

16

FEB 9 2010 35

performance under *Strickland*. However, the cases cited by Petitioner involve circumstances that are very different from the case at hand. Specifically, in each of the cases cited by Petitioner, the defense attorney completely failed to offer any evidence whatsoever of significant, and often horrific, mitigating facts such as history of physical and sexual abuse and mental disease. *See Wiggins v. Smith*, 539 U.S. 510 (2003) (defense attorney failed to research and offer any evidence of the defendant's life history or family background, which included severe physical and sexual abuse by his mother and a series of foster parents); *Williams v. Taylor*, 529 U.S. 362 (2000) (defense attorney failed to research and offer evidence that the defendant's parents were imprisoned for criminal neglect of him and his siblings, he was severely and repeatedly beaten by his father, he was placed in an abusive foster home, he was borderline mentally retarded, etc.); *Antwine v. Delo*, 54 F.3d 1357 (8th Cir. 1995) (defense attorney failed to research and offer evidence that the defendant suffered from bipolar disorder); *Hill v. Lockhart*, 28 F.3d 832 (8th Cir. 1994) (defense attorney failed to fully research and offer evidence of the defendant's history of mental disease, his medical history including the use of anti-psychotic drugs, and his regression to a psychotic state when not taking the drugs); *Kenley v. Armontrout*, 937 F.2d 1298 (8th Cir. 1991) (failed to research and offer evidence of the defendant's disadvantaged childhood, history of severe behavioral and mental problems, past suicide attempts, and drug and alcohol abuse). In this case, Mr. Shaw did not fail to offer evidence on the topic of Petitioner's remorse, rather, various witnesses testified in Petitioner's favor on this topic during the penalty phase of the trial. Additionally, it cannot be said that Mr. Shaw failed to conduct any sort of preliminary investigation of the unknown witness because Mr. Shaw was given a copy of the report prepared by FBI Special Agent Jan Hartman which outlined the witness's knowledge of Petitioner's case.

17

Second, Petitioner argues that the Court erroneously concluded that inmate testimony is inherently limited. Petitioner states that this conclusion has no factual support, particularly because the unknown witness's testimony in this case would have been very credible. The problem with Petitioner's argument is that he recognizes that "'the credibility of the witness is uniquely the function of the jury, and therefore the Court cannot decide whether or not the jury would have credited the unknown witness's testimony,'" but he then goes on to extensively argue that the witness "would have been deemed *more* reliable than the other witnesses." (59(e) Motion, doc. #90, pp.18-19 (first quote quoting this Court's July 22, 2008 Order (doc. #87))). Because the Court understands and adheres to the principle that determining the credibility of a witness is the unique function of the jury, Petitioner's argument regarding the unknown witness's enhanced credibility must be rejected. The Court's statement that "the value of testimony from a fellow inmate is inherently limited" was a general observation, meant to recognize that inmate testimony, like other forms of testimony, has unique characteristics. This was only one of the several reasons the Court concluded that Mr. Shaw's decision not to interview the unknown witness was reasonable.

In discussing the reasonableness of Mr. Shaw's decision, the Court also stated that the unknown witness's testimony would have been duplicative of other testimony that was presented. Petitioner now argues that this conclusion is incorrect because "[t]he fact that the *topic* of the testimony is similar does not automatically mean that the testimony of the two witnesses is of equivalent value or interchangeable." (59(e) Motion, doc. #90, p.20). However, the authority Petitioner cites in support of this statement does not actually stand for this proposition. Petitioner

FEB 9 2010 37

cited *Outten v. Kearney*, 464 F.3d 401 (3d Cir. 2006), and explained in a parenthetical that the Third Circuit in that case

> revers[ed] death sentence and [found] counsel ineffective for failing to put on additional evidence of childhood abuse, despite the fact that such evidence was presented at trial, because the trial testimony likely failed to give the jury a comprehensive understanding of the abuse given the discrepancy in depth and detail between the trial testimony and the habeas testimony.

(59(e) Motion, doc. #90, p.90). While it is true that the Third Circuit found counsel ineffective for failing to introduce additional evidence of childhood abuse, Petitioner fails to explain that the evidence that the jury heard was extremely limited, and the evidence that was omitted included the specific details of the horrific child abuse the defendant suffered, in addition to details regarding sexual abuse while the defendant was in foster care and the defendant's history of substance abuse and mental illness. This case is entirely different from the *Outten* case, because in this case Mr. Shaw presented numerous witnesses who testified on the topic of Petitioner's remorse, in substantial detail. The unknown witness merely would have provided additional corroborating testimony that was repetitive of what the jury had already heard. Moreover, this Court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and the strategic decisions of trial counsel regarding witness testimony are generally not subject to second-guessing on a post-conviction motion. *See United States v. Jourdain*, 2007 WL 628427, at *3 (D. Minn. Feb. 28, 2007).

Accordingly, Petitioner's argument that the Court erroneously concluded that Mr. Shaw's decision not to locate and interview the witness was a reasonable strategic decision is rejected.

FEB 9 2010 38

2.    *Prejudice*

Next, Petitioner argues that the Court erred in concluding that Mr. Shaw's decision was not prejudicial. The Court has already determined that Mr. Shaw's decision was not deficient, so under the *Strickland* ineffective assistance of counsel standard, this Court is not required to address the prejudice component. 466 U.S. at 697. However, for the sake of thoroughness, the Court will briefly address Petitioner's arguments regarding prejudice.

Much of Petitioner's argument that counsel's performance was prejudicial focuses on the importance that the presence or absence of remorse plays in the jury's decision to vote for life or death. While Petitioner's recitation of the numerous studies recognizing this principle is informative, it does not give the Court cause to alter or amend its previous conclusion that there was no prejudice. The Court was and is aware of the importance of mitigation testimony, including testimony about the defendant's remorse or lack thereof, and the Court considered this importance in making its decision.[8] Additionally, to the extent that Petitioner raises the argument that the unknown witness's testimony would have enhanced Petitioner's penalty phase presentation, the Court notes that this argument was already raised by Petitioner in his Reply in Support of his § 2255 Motion [doc. #25], and was rejected by the Court in its July 22, 2008 Order rejecting Petitioner's § 2255 Motion [doc. #87].

Finally, Petitioner argues that the jury's findings indicated that there was not "an overwhelming case for death," and the testimony from the unknown witness might have altered the balance between mitigation and aggravation. (59(e) Motion, doc. #90, pp.23-24). The Court

---

[8]For example, the Court stated that it "recognizes the importance of *all evidence* that may have supported a contrary verdict *or sentence*." (Order, doc. #87, p.72 (emphasis added)).

20

rejects this argument for two reasons. First, this Court has already determined that "[t]he unknown witness's testimony regarding Holder's remorse for his actions . . . [was] supported by the testimony presented at trial, such that the additional testimony would not have effected [sic] the outcome." (Order, doc. #87, p.73). Second, Petitioner's argument is based on mere speculation about what *might* have happened to the balance of the mitigation and aggravation factors if the unknown witness had testified. Speculation of prejudice is not sufficient to establish prejudice under *Strickland*. *See Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (finding that "[n]othing would encourage a proliferation of ineffectiveness of counsel claims more than to permit an accused to establish the prejudice prong of *Strickland* on a showing of nothing more than speculation that he had been prejudiced by his counsel's performance").

Thus, Petitioner's argument that the Court erred in concluding that Mr. Shaw's decision was not prejudicial is rejected.

### 3. *Hearing*

Finally, Petitioner asserts that the Court erred in dismissing this ineffective assistance of counsel claim without a hearing. "An evidentiary hearing in a § 2255 case is not required, however, where the files and records of the case conclusively show that the petitioner is entitled to no relief." *Cheek v. United States*, 858 F.2d 1330, 1333 (8th Cir. 1988). As set forth in the July 22, 2008 Order denying Petitioner's § 2255 Motion, and as set forth in the preceding paragraphs, this Court has conclusively determined, based solely on the files and records, that Petitioner is not entitled to relief on this ineffective assistance of counsel claim.

The Court finds that no grounds exist to amend or alter its judgment that Petitioner's ineffective assistance of counsel claim, based on Mr. Shaw's decision not to call the unknown witness, should be denied.

### D.    FAILURE TO INVESTIGATE PETITIONER'S MENTAL CONDITION

Next, Petitioner argues that the Court erred in deciding that trial counsel's alleged failure to investigate Petitioner's mental condition did not amount to ineffective assistance of counsel. In rejecting Petitioner's § 2255 claim, this Court found that trial counsel was reasonable in deciding not to pursue the testimony of Dr. Semone. The Court also found that, even if trial counsel's decision were deemed to be unreasonable, Petitioner's ineffective assistance of counsel claim still fails because there was no evidence that additional testimony would have affected the outcome of the trial. In his Rule 59(e) Motion, Petitioner sets forth numerous arguments as to why each of these conclusions is wrong.

First, the Court will address the arguments Petitioner made with respect to the reasonableness of trial counsel's decision not to pursue additional experts. Many of these arguments simply repeat arguments that this Court has already rejected.[9] For example, Petitioner continues to argue that the mental health examinations performed by Dr. Stephen Rothke and Dr. Richard Wetzel were deficient and inadequate, and that there was no meaningful inquiry into Petitioner's mental health. However, these arguments were raised in Petitioner's § 2255 Motion, and this Court explicitly found "based on the evidence presented, specifically the expert reports of

---

[9]Briefly, the Court notes that, throughout his Rule 59(e) Motion, Petitioner relies heavily on *Wiggins v. Smith*, 539 U.S. 510 (2003), to support his arguments regarding both the reasonableness of trial counsel's actions and prejudice. Many of these arguments are unpersuasive, considering this Court's prior analysis of the *Wiggins* case, and subsequent conclusion that this case and *Wiggins* are inapposite. (Order, doc. #87, pp.78-79).

FEB 9 2010 41

Dr. Rothke and Dr. Wetzel, that there is no showing by Petitioner that anything less than a full and complete neuropsychological exam was performed on the Petitioner." (Order, doc. #87, p.78).  Petitioner has not set forth any evidence or presented any arguments that would persuade the Court that this conclusion is incorrect.  Rule 59(e) requires more than mere disagreement with this Court's decisions.

Additionally, Petitioner's argument that relevant information about past trauma was omitted from the mental health examinations performed by Dr. Rothke and Dr. Wetzel fails factually.  Specifically, Petitioner argues:

> A mental health examination that omits such information - such as the ones performed by Dr. Wetzel and Dr. Rothke - will necessarily be deficient and inadequate.  This is particularly true here, where the information that trial counsel failed to investigate, and of which the trial experts where [sic] therefore unaware, involved Mr. Holder's repeated exposure to severe trauma.  This trauma included suffering seizures when he was an infant; growing up with parents who were addicted to crack cocaine and often absent during much of his childhood; living in [a] housing project rife with poverty, open drug use and drug sales, and routine extreme community violence; experiencing the death of his grandfather - his principal [sic] father figure - at a tender age; and then amputation of his left leg and part of his right foot after it was caught and he was dragged for 100 yards by a train when he was 14 years old, followed closely by the head and brain injuries he sustained after being assaulted with a brick.

(Rule 59(e) Motion Reply, doc. #98, pp.12-13).  However, upon review of Dr. Wetzel's preliminary report [doc. #21-5, 21-6] and Dr. Rothke's consultation report [doc. #21-4], it appears that the experts *were* in fact aware of many, if not all, of the specific instances of trauma cited by Petitioner.  In Dr. Wetzel's detailed report, he discusses the following: Petitioner's suffering of seizures as an infant (doc. #21-5, p.3); his mother's use of drugs in the past (doc. #21-6, p.3), and her general difficulties (doc. #21-5, p.10); his involvement in selling drugs (doc. #21-5, p.10); the train incident, which resulted in the amputation of Petitioner's left leg, and

FEB 9 2010 42

injuries to his right foot (doc. #21-5, pp.5-6); the brick incident, which resulted in a head injury

(doc. #21-5, pp.6-7). Dr. Rothke's consultation report, which includes a very brief summary of

significant events in Petitioner's life, mentions: Petitioner's involvement in selling drugs (doc.

#21-4, pp.2-3); the train incident (doc. #21-4, pp.1-2); and the brick incident (doc. #21-4, p.2).

Each of the experts also reviewed the contents of the other's report; Dr. Wetzel included Dr.

Rothke's report on the list of documents reviewed in making his preliminary report (doc. #21-5,

p.2), while Dr. Rothke reviewed Dr. Wetzel's report several weeks after he wrote his report, and

noted that the contents of Dr. Wetzel's report did not change his opinions (doc. #21-4, p.6). It

should also be noted that the information contained in each expert's report was merely a *summary*

of the information that he reviewed; it is highly likely that the experts were informed of additional

information about Petitioner that was not specifically included in the reports. Thus, the Court can

conclude that the experts were, in fact, aware of the various instances of trauma that Petitioner

alleges they were unaware of, as a result of ineffective assistance of counsel.[10]

Petitioner also argues that these pretrial examinations were greatly limited in scope and

didn't encompass an investigation into mitigating evidence. This argument is contradicted by the

fact that Dr. Thomas Reidy's investigation and Dr. Rothke's investigation both included a

---

[10]Petitioner states in his Reply that "[a]lthough the trial experts were aware of the physical trauma that Mr. Holder experienced, both Dr. Rothke and Dr. Wetzel relied exclusively on Mr. Holder's self-reporting to conclude that he suffered no lasting psychological effects as a result of these traumas." (Rule 59(e) Motion Reply, doc. #98, p.13 n.4). The Court finds that this argument lacks merit. Both Dr. Rothke and Dr. Wetzel set forth the numerous documents that they reviewed in reaching their opinions, including Petitioner's medical records, prison records, and information received from family members and friends through interviews. They also precisely described the tests and other evaluation procedures that they performed in order to reach an opinion. Upon review of these professionals' reports, it appears that their conclusions were based on far more than Petitioner's self-reporting.

determination of Petitioner's future dangerousness.[11]  Future dangerousness is a consideration

that is integral to any mitigation case.  Additionally, as stated above, this Court concluded that a

full and complete neuropsychological exam was performed on the Petitioner.  This complete exam

would reveal information relevant to both the guilt phase and the penalty phase of the trial.

Petitioner has submitted two affidavits along with his Rule 59(e) Motion.  One affidavit is

from Mr. Russell Stetler, and the other is from Dr. Kathleen Wayland; both affidavits discuss why

they believe that the pretrial mental health investigation of Petitioner was unreasonable.  While the

Court appreciates the amount of time invested in creating these affidavits, they do not alter the

Court's opinion on this ineffective assistance of counsel issue.  This is because the affidavits

qualify as new evidence which could have been offered prior to the Court's Order rejecting

Petitioner's § 2255 Motion.  Thus, they cannot be introduced in a Rule 59(e) motion.  *See United

States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 934-35 (8th Cir. 2006) ("This court has

consistently held that Rule 59(e) motions cannot be used to introduce new evidence, tender new

legal theories, or raise arguments which could have been offered or raised prior to the entry of

judgment.").  The affidavits of Mr. Stetler and Dr. Wayland could have, and should have, been

presented to the Court in conjunction with Petitioner's § 2255 Motion.[12]

---

[11]The Court notes that both of these experts were retained by Petitioner's defense counsel.

[12]Petitioner argues in his Reply brief that the affidavits submitted should be considered part of the record in this case.  In support of this argument, Petitioner states that the Eighth Circuit has a practice of allowing fact development, and then cites to *Parkus v. Delo*, 33 F.3d 933 (8th Cir. 1994).  Petitioner alleges that in the *Parkus* case, the Eighth Circuit remanded the petitioner's § 2255 Motion "on the basis of facts alleged in affidavits and declarations submitted along with petitioner's Rule 59 motion."  (Rule 59(e) Motion Reply, doc. #98, p.16).  The Court has thoroughly reviewed the *Parkus* opinion and cannot find any language that supports Petitioner's interpretation of the case.  To the contrary, the records on which the Eighth Circuit based its remand of the case were submitted with the petitioner's § 2255 Motion.  *See Parkus*, 33 F.3d at

The Court now turns to Petitioner's arguments regarding the Court's conclusion that Petitioner was not prejudiced by trial counsel's decision not to seek additional experts. First, Petitioner sets forth arguments about the importance of mitigation evidence in capital cases. The Court was and is fully aware that the mitigation case presented by defense counsel is highly important in capital cases, and the Court considered this importance in making its decision. Petitioner's reminder about the importance does not persuade this Court to alter or amend its judgment.

Petitioner also cites to numerous cases which he asserts demonstrate that the Court's conclusion that there was no prejudice to Petitioner is "simply at odds with established Supreme Court precedent." (Rule 59(e) Motion Reply, doc. #98, p.19). The Court agrees that these cases show that various courts have found that failure to present evidence of mental health problems can sometimes amount to prejudice to a defendant. However, the Court notes that the real basis for its decision that additional testimony about Petitioner's mental health would not have affected the outcome of the trial was the argument made by the Government during the guilt phase of the trial regarding Petitioner's knowledge of the risk of harm. Specifically, this Court cited the following evidence: "the amount of weapons and ammunition that were carried by Petitioner, his wearing an armored vest, the statements made prior to the robbery regarding the presence of the guard, . . . the decision to attempt to set fire to the getaway vehicle after abandoning it in Forest Park, . . . [and the fact] that the weapons he used could shoot through police cars." (Order, doc.

---

936 ("In an affidavit accompanying Parkus' federal habeas petition, Dr. Daniel states that had he seen Parkus' childhood mental health records before testifying, he would have concluded that Parkus *did suffer from a mental disease or defect as defined by Missouri law.*").

#87, p.79).  Petitioner has offered no evidence to rebut this conclusion, nor do the cases he cites demonstrate that this rather strong evidence could be refuted.

Finally, Petitioner asserts that the Court erred in dismissing this ineffective assistance of counsel claim without a hearing.  As discussed by the Court above, "an evidentiary hearing in a § 2255 case is not required, however, where the files and records of the case conclusively show that the petitioner is entitled to no relief."  *Cheek v. United States*, 858 F.2d 1330, 1333 (8th Cir. 1988).  As set forth in the July 22, 2008 Order denying Petitioner's § 2255 Motion, and as set forth in the preceding paragraphs, this Court has conclusively determined, based solely on the files and records, that Petitioner is not entitled to relief on this ineffective assistance of counsel claim.

For all of the reasons set forth above, this Court concludes that it must deny Petitioner's request that the Court alter or amend its rejection of this ineffective assistance of counsel claim.

### E.   TRIAL COUNSEL'S SLEEPING DURING PORTIONS OF THE TRIAL

Petitioner next alleges that this Court erred in denying his ineffective assistance of counsel claim based on Mr. Shaw's alleged sleeping during portions of the trial.  Petitioner raises three general arguments in support of his Rule 59(e) Motion : 1) the Court's reliance on its own assessment of its capacity and opportunity to have observed Mr. Shaw during the trial exceeded the scope of the rule permitting a court to rely on its recollection of the trial; 2) the Court made a legal error when it required Petitioner to establish that Mr. Shaw slept through "substantial" portions of the trial; and 3) the Court erred in finding that Petitioner was not prejudiced by Mr. Shaw's sleeping during the trial.  The Court will address each of Petitioner's arguments, in turn.

FEB 9 2010 46

1.    *Reliance on Recollection*

Petitioner first argues that the Court exceeded the scope of the rule which permits a court to rely on its recollection of the trial. In its Order denying Petitioner's § 2255 Motion, this Court cited to the following statement that it made on the record at a Status Conference in this case on March 22, 2005:[13]

> We are on the record, and I will tell you I recall that Mr. Shaw came to the hearings almost always before anyone. He was frequently there before I arrived, and we passed the time of day, but nothing certainly about the case, and I have, because the issue arose, I have searched my memory and have no recollection whatsoever of ever seeing Mr. Shaw sleeping, or was there ever any, that I can recall, ever any time when I had formed an impression that he was being less than attentive to the case, so that's my recollection about the case.
>
> There were times when Ms. [Herndon] was actively pursuing the questioning and so forth, and during those times, I had my attention focused on her, but I have searched my memory, and that's my best recollection, as I recall.

(Status Conference Transcript, doc. #37, pp.4-5). Petitioner now argues that the Court relied too heavily on this statement, and generally on its own recollection, in rejecting this ineffective assistance of counsel claim.

First, Petitioner argues that he did not know at the time that the Court's recollection of the trial would be dispositive of his ineffective assistance of counsel claim. He asserts that if he had known of the central role of the Court's recollection, he "would have inquired in an appropriate manner of the Court in order to make an adequate record regarding the Court's recollection." (59(e) Motion, doc. #90, p.30). The Court finds this argument unpersuasive for two reasons.

---

[13]Petitioner correctly pointed out in his Rule 59(e) Motion that this Court erroneously stated that the Court's statement was made during the Evidentiary Hearing. In reality, the Court made this statement at the Status Conference that was held on March 22, 2005. The statement was, however, made part of the record for the Evidentiary Hearing.

28

First, the Court notes that its recollection of Mr. Shaw's actions during trial was not "dispositive" of Petitioner's ineffective assistance of counsel claim.  Rather, the Court considered its own recollection, in addition to the evidence that was presented at the Evidentiary Hearing; in fact, the Court stated that, "[b]ased on the evidence presented during the evidentiary hearing on this matter, the Court finds that counsel Shaw was not sleeping during periods of the trial."  (Order, doc. #87, p.85).  The Court then went on to engage in a rather lengthy analysis of the testimony presented on behalf of Petitioner, and concluded that it was unpersuasive.  Thus, the Court's use of its own recollection was not "dispositive," as Petitioner argues; rather, recollection was just one of several factors the Court considered in rejecting this ineffective assistance of counsel claim.  Second, Petitioner characterizes the Court's statement at the Status Conference as an off-the-cuff statement that was not meant to be used in further proceedings.  He also seems to suggest that he did not have a meaningful opportunity to ask questions of the Court regarding its recollection.  However, the transcript of the Status Conference refutes any such assertions.  The Court's statement about its recollection was made on the record, with the knowledge that the Parties wanted to acquire this information in advance of the Evidentiary Hearing.[14]  Additionally, after

---

[14]The Court's statement about its recollection was made in response to the following recitation by Assistant United States Attorney Steven E. Holtshouser:

> The other question may have been raised at the last meeting, but it had to do with your recollection as it related to one of the issues that claim that Mr. Shaw was sleeping during portions of the trial.  It's obviously a bit of a – no party intends to call you as a witness, or cross-examine you, but what I think we would ask for at some point, that both parties be notified as to whether you have a recollection on that issue, and what it would be so that that would be a fact in your findings of fact so that we know going into the hearing what that finding would be.  We're not asking for it now, but at some point.

(Transcript, doc. #37, p.4).  Although Mr. Holtshouser did not ask for the Court's recollection

FEB 9 2010 48

informing the Parties of its recollection, the Court gave the Parties the opportunity to ask questions about the statement, but neither Party did so.[15]

Petitioner also argues that the Court improperly relied on an observation that it made about itself in deciding that Mr. Shaw was not sleeping during the trial.  Specifically, Petitioner points to the following statement of the Court: "Furthermore, had counsel Shaw been sleeping for substantial periods of time, or if at all, it is likely that the Court would have noticed such behavior."  (Order, doc. #87, p.87).  Petitioner asserts that "[t]he Court's reliance on [this] statement in denying petitioner's claim exceeds the scope of what it may properly rely upon in terms of its own recollections in adjudicating this claim." (59(e) Motion, doc. #90, p.32).  Upon considering this argument, it is the Court's opinion that Petitioner is over-emphasizing the importance of the statement at issue.  The Court made this statement just before concluding its analysis of the persuasiveness of the Evidentiary Hearing testimony.  It was not the basis for the Court's ultimate conclusion.  Additionally, the Court notes that the statement at issue was not definitive, rather it merely observed that it was *likely* (not certain) that the Court would have noticed if trial counsel were sleeping.

---

immediately, the Court was prepared to give it on the record, and stated, "I think that's something that can be resolved sooner [rather] than later."  (Transcript, doc. #37, p.4).

[15]After the Court concluded its statement about its recollection, Mr. Holtshauser stated, "I don't have anything to ask about it," and Petitioner's counsel, Michael J. Gorla stated, "No, I don't either."  Mr. Holtshauser then asked, "Since we're on the record, we ask that this be made part of the record for the hearing, and for any subsequent review of the hearing."  The Court responded, "Sure, absolutely."  (Transcript, doc. #37, p.5).

FEB 9 2010 49

Accordingly, the Court finds that it did not exceed the scope of the rule permitted it to rely on its own recollection of the trial.  The Court appropriately relied on its own recollection, in addition to the evidence presented at the Evidentiary Hearing.

### 2.     *Substantial Portions or Not Insubstantial Portions?*

Next, Petitioner argues that the Court committed a legal error when it required that Petitioner establish that Mr. Shaw slept through substantial portions of the trial.  In its Order rejecting Petitioner's § 2255 Motion, the Court initially set forth the proper standard for ineffective assistance of counsel claims regarding trial counsel sleeping: "a defendant's Sixth Amendment right to counsel is violated when that defendant's counsel is repeatedly unconscious through *not insubstantial* portions of the defendant's capital murder trial."  (Order, doc. #87, p.84 (quoting *Burdine v. Johnson*, 262 F.3d 336, 341 (5th Cir. 2001)) (emphasis added)).  After stating the proper standard initially, the Court thereafter discussed whether the evidence supported the conclusion that Mr. Shaw slept through *substantial* portions of the trial.  Thus, the Court recognizes that there is some inconsistency in the Order in the use of the term "substantial portions" and the term "not insubstantial portions."

Petitioner argues that the difference between the two terms is "not just a matter of semantics" and that the standard set forth in *Burdine* "requires a much lower threshhold [sic] showing than that required by this Court."  (59(e) Motion, doc. #90, p.34).  The Government, on the other hand, argues that "[t]he distinction that [Petitioner] attempts to draw between the phrase 'substantial portions of the trial' from this Court's Memorandum and Order and the phrase 'not insubstantial portions' from *Burdine* . . . is a matter of semantics and not substance."  (Response, doc. #96, pp.10-11).  The Court believes that the actual distinction between these

FEB 9 2010 50

terms lies somewhere between Petitioner's "much lower threshold" argument and the Government's "matter of semantics" argument. The Court recognizes that it probably should have consistently quoted from *Burdine*, instead of attempting to paraphrase the standard, thereby causing the present confusion. Regardless, the Court finds that it is not necessary to engage in an analysis of the actual distinction between "substantial" and "not insubstantial" because the evidence presented by Petitioner in support of his claim fails under either standard.

Petitioner argues that the evidence set forth at the Evidentiary Hearing was sufficient to establish that Mr. Shaw was repeatedly unconscious through not insubstantial portions of Petitioner's capital murder trial. However, the evidence Petitioner cites in support of this argument is the exact evidence that this Court determined was unpersuasive and not credible in its July 22, 2008 Order. In an apparent attempt to convince this Court that the testimony of Caryn Tatelli, Jennifer Herndon, and Petitioner was credible, Petitioner states that each of these witnesses offered consistent testimony. The Court was aware of this consistency, but nevertheless found the testimony to not be credible on the basis of other factors, including the lack of detail and the existence of contradictory evidence. Petitioner did nothing to rebut this evidence. Without credible evidence, Petitioner cannot prove that Mr. Shaw slept through substantial portions of the trial, nor can he prove that Mr. Shaw slept through not insubstantial portions of the trial.

Finally, Petitioner argues that the Court improperly considered the inability of the witnesses to provide details about Mr. Shaw's alleged sleeping during trial. Specifically, the Court noted that "had counsel Herndon and Ms. T[a]telli observed counsel Shaw being inattentive, they would have been able to recall the specific times this occurred; to the contrary,

FEB 9 2010 51

counsel Herndon and Ms. T[a]telli could not recall when this took place, nor for how long."

(Order, doc. #87, p.87). Petitioner cites to the following excerpt from *Burdine* in support of his

argument that the Court erred in considering the witnesses' inability to remember details:

> The State next argues that because Burdine cannot demonstrate precisely when [counsel] slept during his trial, he cannot prove that [counsel] slept during critical stages of his criminal proceeding. In this regard, the State asks more of Burdine than the Supreme Court or this Court has ever asked of a defendant attempting to show the absence of counsel during a critical stage of trial. To justify a particular stage as "critical," the Court has not required the defendant to explain how having counsel would have altered the outcome of his specific case. Rather, the Court has looked to whether "the substantial rights of a defendant may be affected" during that type of proceeding.

*Burdine v. Johnson*, 262 F.3d 336, 347 (5th Cir. 2001). Petitioner argues that this excerpt from

*Burdine* establishes that it is irrelevant whether a witness is able to precisely identify when and

how long counsel slept. The Court disagrees. In *Burdine*, the Fifth Circuit set forth the *Cronic*

presumed prejudice standard, that "the absence of counsel at critical stages of a defendant's trial

undermines the fairness of a proceeding and therefore requires a presumption that the defendant

was prejudiced by such deficiency." *Id.* at 341 (citing *United States v. Cronic*, 466 U.S. 648, 659

(1984)). The Fifth Circuit then applied this principle to the facts of the case before it, and

concluded that "a defendant's Sixth Amendment right to counsel is violated when that defendant's

counsel is repeatedly unconscious through not insubstantial portions of the defendant's capital

murder trial. Under such circumstances, *Cronic* requires that we presume that the Sixth

Amendment violation prejudiced the defendant." *Id.* The excerpt Petitioner cited in his Rule

59(e) motion was included in *Burdine* by the Fifth Circuit to rebut the state's argument that the

*Cronic* presumed prejudice standard should not apply to that particular case because the

defendant had not shown precisely when his counsel was sleeping during trial, and thus, did not

33

prove that his counsel was sleeping during "critical stages" of the trial.[16] *Id.* at 347. The Fifth Circuit did not say that it is never appropriate to rely on a witness's inability to remember details of counsel inattentiveness; rather the Fifth Circuit merely held that if the defendant can prove that his counsel was sleeping through not insubstantial portions of the trial, prejudice is presumed regardless of whether the witnesses can prove that having counsel awake would have affected the outcome. *Id.* at 347-48. Thus, *Burdine* does not stand for the concept that a court cannot base its *credibility determination* on a witness's ability to remember details, as Petitioner asserts.

The Court finds that there is no credible evidence that Mr. Shaw slept through "substantial portions" of Petitioner's trial; nor is there credible evidence that Mr. Shaw slept through "not insubstantial portions" of Petitioner's trial.

### 3.    *Prejudice*

Finally, Petitioner argues that the Court's conclusion that Petitioner was not prejudiced by Mr. Shaw's sleeping during the trial was erroneous. The Court made this conclusion only after noting that if it is established that trial counsel slept through not insubstantial portions of the trial, prejudice is presumed under *Cronic*. (Order, doc. #87, p.87); *Burdine v. Johnson*, 262 F.3d 336, 341 (5th Cir. 2001). Because Petitioner did not establish that Mr. Shaw slept through not insubstantial portions of the trial, prejudice cannot be presumed. If the *Cronic* presumed prejudice standard does not apply, the Court must apply the *Strickland* ineffective assistance of counsel standard. Under *Strickland*, this Court is not required to address the prejudice

---

[16]In *Cronic*, the United States Supreme Court stated, "[t]he presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel *at a critical stage of his trial.*" *United States v. Cronic*, 466 U.S. 648, 659 (1984) (emphasis added).

34

component because it has already determined that Mr. Shaw's decision was not deficient. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).  Thus, under either *Cronic* or *Strickland*, this Court is not required to make a finding regarding prejudice.

Thus, the Court concludes that no grounds exist for altering or amending its decision to reject Petitioner's ineffective assistance of counsel claim, based on Mr. Shaw's alleged sleeping during trial.

**F.     TRIAL COUNSEL'S DECISION TO GIVE THE PENALTY PHASE CLOSING ARGUMENT**

Petitioner's final argument in his Rule 59(e) Motion is that this Court's finding that Mr. Shaw's decision to give the penalty phase closing argument was sound trial strategy is "based on a number of mistakes of law and fact."  Specifically, Petitioner argues that "the Court ignores the fact that counsel Shaw had absolutely nothing to do with [the mitigation investigation]" and that "[c]ounsel Shaw was totally unprepared to give the penalty phase closing argument."  (59(e) Motion, doc. #90, p.43).

The Court disagrees with Petitioner's assertion that Mr. Shaw was "totally unprepared" to give the closing argument because he "had no idea about the mitigation case and/or the penalty phase strategy."  (59(e) Motion, doc. #90, p.43).  Although Petitioner asserts that Mr. Shaw didn't read the witness summaries or the sentencing hearing outlines, the cited evidence merely establishes that *as far as Ms. Tatelli knew*, Mr. Shaw did not perform these tasks.  Additionally, it is the Court's opinion that it is irrelevant how well Mr. Shaw communicated with the other attorneys working on Petitioner's case; what is important is that the jury was presented with very thorough, credible, and persuasive mitigation evidence, and then was presented with a closing

FEB 9 2010 54

argument that embraced a sound and consistent trial strategy. Finally, to the extent that Petitioner cites to testimony about Mr. Shaw sleeping in support of his argument that Mr. Shaw was not prepared, this Court has already determined that the testimony is not reliable. As a result, the Court finds that Petitioner has not cited any persuasive evidence that would convince this Court that Mr. Shaw was unprepared, or that his closing argument in the penalty phase amounted to ineffective assistance of counsel.

The remainder of Petitioner's arguments merely repeat the arguments presented to and rejected by this Court in the § 2255 Motion. Petitioner argues that Mr. Shaw did not adequately review the mitigation evidence presented by Ms. Herndon, but this Court has already rejected this argument, finding that:

> The record belies Petitioner's allegations that Mr. Shaw failed to argue mitigation evidence presented so well by Ms. [Herndon]. Just the opposite is true. The foundation of his argument was that Petitioner's life should be spared; that his early childhood in the slums was a mitigating factor; that Petitioner was remorseful; and that he did not shoot Mr. Heflin. Mr. Shaw embraced a sound trial strategy under practical[ly] impossible defense options and did not in any [way] provide ineffective assistance of counsel.

(Order, doc. #87, p.96). Petitioner also repeats his argument that Mr. Shaw's decision to give the penalty phase closing argument prejudiced Petitioner because Ms. Herndon would have given a more effective closing argument. This Court has also already rejected this argument, finding:

> Furthermore, the Court cannot conclude that had counsel Herndon given the closing argument, and focused less on residual doubt, and more on the mitigating factors developed through evidence, the outcome would have been different. All of the evidence regarding mitigation factors was prepared by counsel Herndon and presented to the jury for their consideration. The Eighth Circuit, in *Griffin v. Delo*, held, in response to a claim of ineffective assistance based on counsel's brief closing argument, that "there is no reason to conclude that a longer or more passionate closing argument would have resulted in an alternative sentence or that the brief dispassionate argument undermined the reliability of the jury's sentence of death." 33

36

FEB 9 2010 55

F.3d 895, 903 (8th Cir. 1994).  As the Petitioner has failed to present evidence of prejudice resulting from counsel's allegedly unreasonable conduct, the Petitioner's claim cannot succeed.

(Order, doc. #87, pp.97-98).

Thus, the Court rejects Petitioner's argument that the Court erred in denying his ineffective assistance of counsel claim, based on Mr. Shaw's decision to give the penalty phase closing argument.

## IV.    CONCLUSION

In his Motion to Alter or Amend Judgment Pursuant to Rule 59(e), Petitioner set forth various allegations of legal and factual errors by the Court in rejecting Petitioner's § 2255 Motion.  The Court has thoroughly reviewed each of these allegations, and is not persuaded that the July 22, 2008 Order should be altered or amended as requested.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Norris G. Holder's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [doc. #90] is **DENIED**.

Dated this 14th Day of December, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

FEB 9 2010 56

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NORRIS G. HOLDER,                    )
                                     )
                    Petitioner,      )
                                     )      No. 4:03CV00923 ERW
        vs.                          )
                                     )      *This is a Capital Case*
UNITED STATES OF AMERICA,            )
                                     )
                    Respondent.      )

### NOTICE OF APPEAL

Notice is hereby given that petitioner, Norris G. Holder, appeals to the United States Court

of Appeals for the Eighth Circuit from the Judgment of the District Court dated July 30, 2008 [doc.

#89], denying his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Convictions and

Sentences by a Person in Federal Custody, and the subsequent Order of the District Court dated

December 14, 2009 [doc. #99], denying petitioner's Motion to Alter or Amend Judgment Pursuant

to Fed. R. Civ. P. 59(e).

/s/ Christopher E. McGraugh
CHRISTOPHER E. MCGRAUGH, #25278
Leritz, Plunkert & Bruning, P.C.
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
(314) 231-9600
(314) 231-9480 - Facsimile
E-mail: cmcgraugh@leritzlaw.com

/s/ Michael J. Gorla
MICHAEL J. GORLA, #3251
720 Olive Street, Suite 1630
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
E-mail: mjgorla@msn.com

*Appointed Counsel for Norris Holder*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Mr. Steven Holtshauser and Mr. Joseph M. Landolt, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/s/ Michael J. Gorla

FEB 9 2010 58

US Court of Appeals - Eighth Circuit
NOA Supplement

Caption:                                                    USCA#: _____

Holder v. USA
Case Number:

4:03-cv-00923-ERW

Plaintiff:                                    Defendant:

**Norris G. Holder**                          **USA**


Attorney:                                     Attorney:

Christopher E. McGraugh                        Joseph M. Landolt
LERITZ AND PLUNKERT, P.C.                      OFFICE OF U.S. ATTORNEY
555 Washington Avenue                          111 S. Tenth Street
Suite 600                                      20th Floor
St. Louis , MO 63101                           St. Louis , MO 63102
314-231-9600                                   314-539-2200
Fax: 314-231-9480                              Fax: 314-539-2777
Email: cmcgraugh@leritzlaw.com                 Email: joseph.landolt@usdoj.gov
LEAD ATTORNEY                                  LEAD ATTORNEY

Michael J. Gorla                               See docket sheet for additional attorneys.
720 Olive
Suite 1630
St. Louis , MO 63101
314-621-1617
Fax: 314-621-7448
Email: mjgorla@msn.com
LEAD ATTORNEY

Court Reporter:                               Please return files and documents to:

G. Madden  244-7987                            THE CLERK'S OFFICE
T. Hopwood  244-7988
S. White  244-7966                            Person to contact about the appeal::

                                               Joyce M. Webb/244-7929

| Length of trial: | Fee: | IFP: | Pending IFP Motion: |
|---|---|---|---|
| None | None | None | None |

| Counsel: | Pending Motions: | Local Interest: | Simultaneous Release: |
|---|---|---|---|
| C. McGraugh/M. Gorla | None | -------------------------------- | -------------------------------- |

Criminal Cases/Prisoner Pro Se Cases Only:

Is defendant incarcerated?    Yes        No        Where: [                    ]

Please list all other defendants in this case if there were multiple defendants: