IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

NORRIS G. HOLDER,                         )
                                          )
                    Appellant,            )
                                          )        No. 10-1304
          vs.                             )
                                          )        **CAPITAL § 2255 PROCEEDING**
UNITED STATES OF AMERICA,                 )
                                          )
                    Appellee.             )

## REPLY TO GOVERNMENT'S RESPONSE TO APPELLANT'S MOTION TO EXPAND THE CERTIFICATE OF APPEALABILITY

The Government's response misapprehends the standard for issuance of a Certificate of Appealability as well as the law governing Mr. Holder's claims.

1.      **The COA standard** – The Government suggests that the Court should limit its review because the district court has already certified other claims. It cites *Winfield v. Roper*, 460 F.3d 1026 (8th Cir. 2006), for the proposition that "Although the Court has 'the discretion to expand the certificate of appealability, [it] exercise[s] the discretion carefully." Response, at 3.

The quotation from *Winfield* is out of context. In *Winfield*, the petitioner's merits brief asked the Court to expand the COA, after the administrative panel certified certain claims but not others. *Winfield* reflects the fact that a merits panel will not eagerly expand a COA beyond the claims certified by an administrative panel ***of the same court***. *See* 460 F.3d at 1040, citing *Watts v. Norris*, 356 F.3d 937, 941 (8th Cir. 2004) (discussing whether to expand COA following oral argument). But that does not mean an administrative panel should hesitate to certify claims beyond those approved by ***the district court***. Nothing in *Winfield* or any other case suggests a modified or narrowed rule for expanding the COA simply because the district court has certified at least one claim.

**2.** **<u>The claim concerning the witness in the holding cell (Claim 12C(e))</u>** – The Government's argument is essentially twofold: first, it surmises that trial counsel must have reviewed the police report memorializing the witness's statement concerning petitioner's expression of remorse, and second, it urges that counsel must have made a strategic decision not to interview the witness after reading the report.

The Government is wrong on both counts. First, without the benefit of a hearing, it is not apparent that attorney Shaw read the FBI report. Mitigation investigator Caryn Tatelli testified that the defense team "didn't put a lot of effort" into demonstrating Mr. Holder's remorse. Hrg. Transcr., Vol. I at 52. Penalty counsel Jennifer Herndon admitted that she had not read all of the pretrial discovery provided by the Government. *Id.* at 144. Thus, the evidence of record does not "affirmatively refute" petitioner's claim – *see Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) – because it does not show that trial counsel even read the report.

Moreover, it was counsel Shaw himself who chose a strategy of arguing remorse, so it was incumbent upon him to actually interview relevant witnesses in support of his own theory – or at least to arrange for an investigator to conduct such interviews. The Government argues that counsel may discharge his responsibilities by reading a police report memorializing a witness's statement. But that is not usually the case. "Generally, a competent attorney as part of his investigation will independently interview the witnesses." *Beans v. Black*, 757 F.2d 933, 936 (8th Cir. 1985); *accord Witherspoon v. Purkett*, 210 F.3d 901, 903 (8th Cir. 2000) (counsel likely ineffective in self-defense case, where "counsel did nothing more than read the police reports regarding [eyewitness] Rhodesia Wilson's account of the shooting"); *cf. Eldridge v. Atkins*, 665 F.2d 228, 235 (8th Cir. 1981) ("When a man's liberty is at stake counsel owes a greater duty than to simply accept someone's hearsay

2

statement that the witness would rather not testify."). If indeed counsel read the FBI report, he could have offered evidence of Mr. Holder's remorse from a disinterested witness who was neither the defendant nor a relative of the defendant. Counsel could not reasonably assess the witness's credibility without interviewing him. Likewise, the district court cannot reasonably assess that witness's credibility without a hearing.

Speculating even further, the Government argues that petitioner cannot have been prejudiced, because he was "manufacturing" favorable testimony after criminal charges were filed. Response, at 5-6. It also urges that petitioner's cellmate would have lacked credibility, given the cellmate's unspecified "circumstances at the time and his motivations for talking to the FBI." *Id.* at 6. These concerns only prove the need for a hearing. We do not know why the witness was confined in the holding cell, nor what motivations he had for speaking with the FBI. Nor do we know the broader circumstances of the conversation, or whether they were so readily manipulable that a legally untrained defendant might "manufacture" exculpatory evidence by giving an inculpatory confession. If that is the Government's belief, it is free to prove it up at a hearing.

3. **The claim concerning Mr. Shaw's presentation of the penalty phase closing argument (Claim 12C(k))** – The Government opines that this claim is not debatable among jurists of reason because (1) Mr. Shaw adequately argued the mitigating evidence presented by Ms. Herndon; (2) his penalty phase closing was consistent with, and meshed with his guilt phase strategy; and (3) there is no reason to believe that the outcome would have been different had Ms. Herndon given the closing argument. Each of these contentions are addressed and refuted in petitioner's motion to expand the certificate of appealability. *See* Mot. Expand COA at 13-18 (May 14, 2010).

Rather than repeat these arguments here, petitioner refers the Court to the above referenced pages of his previously filed motion.

4. **The sleeping lawyer claim (Claim 12C(h))** – The Government misapprehends petitioner's argument. The issue is not whether the district court's credibility finding is "clearly erroneous" as a matter of fact. It is whether the district court's chosen measure of credibility is debatable as a matter of law. Contrary to the Government's response, petitioner does not seek to create a "gotcha litmus test" in which the defendant automatically wins if any observer sees any momentary sleeping. Response, at 20. Rather, Mr. Holder seeks review of the principle that the defendant automatically loses if the witnesses cannot pin down exactly when counsel slept.

The credibility measure chosen by the district court is that a "sleeping lawyer" claim fails if the witnesses cannot specify the portions of trial when counsel was sleeping. If that were the governing measure, then Calvin Burdine's claim would have failed for lack of evidence. *Burdine v. Johnson*, 262 F.3d 336, 347 (5th Cir. 2001). But it is not the governing measure, and neither is a requirement that the trial court notice a lawyer's sleeping in order for the sleeping to have "likely" occurred – at least without a full opportunity to test the court's perception and memory under the particular circumstances of trial. *Compare* Order denying Rule 59(e) motion, at 30, *with Burdine*, 262 F.3d at 339 (trial judge and prosecutor did not notice counsel sleeping). The ruling below is debatable among reasonable jurists, and Mr. Holder is entitled to a COA.

WHEREFORE, appellant respectfully renews his request that this Court expand the certificate of appealability issued by the district court to include Claims 12C(e), 12C(h), and 12C(k) of his 2255 motion.

Respectfully submitted,

/s/ Michael J. Gorla
Michael J. Gorla, #26399
720 Olive Street, Suite 1630
St. Louis, Missouri 63101
(314) 621-1617
(314) 621-7448 - Facsimile
E-mail: mjgorla@msn.com

/s/ Joseph W. Luby
Joseph W. Luby, #48951
Public Interest Litigation Clinic
6155 Oak Street, Suite C
Kansas City, Missouri 64133
(816) 363-2795
(816) 363-2799 - Facsimile
E-mail: jluby@pilc.net

*Attorneys for Petitioner-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Mr. Steven E. Holtshouser and Mr. Joseph M. Landolt, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/s/ Joseph W. Luby