**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

NORRIS HOLDER,          )
          )
       Appellant,    )
          )
    v.       )     No. 10-1304 EMSL
          )
UNITED STATES OF AMERICA,  )     CAPITAL SECTION
          )     2255 PROCEEDING
          )
       Appellee.     )
          )

**GOVERNMENT'S MOTION FOR
EXTENSION OF TIME TO FILE APPELLEE'S BRIEF AND
FOR LEAVE TO FILE OVER LENGTH BRIEF**

**COMES NOW** the United States of America, by and through its attorneys,

Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and

Steven E. Holtshouser and John M. Bodenhausen, Assistant United States Attorneys

for said District, and requests a short extension of time to final appellee's brief and for

leave to file an over length brief, as follows:

Appellee's Brief is presently due June 24, 2011. This is an appeal from the

denial of a motion under 28 U.S.C. § 2255 stemming from a capital prosecution that

resulted in the imposition of two death sentences. The issues raised by appellant

implicate procedurally and factually complex circumstances. The facts cover a

lengthy trial and a lengthy habeas litigation process. To adequately respond to

1

Appellant's arguments and to supply this Court with ready access to materials needed requires a brief of an unusual length.

As previously indicated in earlier motions, the lead Assistant United States Attorney in the trial of this case, for serious health reasons, is no longer able to fully participate in representation of the government in connection with Holder's Setion 2255 litigation. The Assistant United States Attorneys preparing Appellee's brief consist of one who was part of the trial team and one who was not. The trial participant, Assistant United States Attorney Steven E. Holtshouser, supervises a unit of the United States Attorney's office, is preparing for trial in one of the largest Ponzi scheme cases in the history of the Eastern District of Missouri and is representing the government in two other capital habeas matters which are equally complex but not yet at the appellate level. The government's response to an initial Section 2255 motion in one of those cases is due in July and a hearing is scheduled in a second one (Holder's accomplice, Billie Allen) in August. While Appellee's brief is essentially complete, it still requires proofreading, preparation of the appendix and assembly. Accordingly, the government respectfully requests an extension of one week to July 1, 2011 to file appellee's brief.

The Government was previously given 21,000 words for Appellee's brief. Although there is not a final word count, the government anticipates the need to file

the brief of approximately 35,000 words in length.[1]  Appellant's brief contained 20,882 words.  The government is doing everything reasonably possible to shorten the brief, but the government respectfully suggests that it will be difficult for the Court to analyze the claims made by Appellant  without a complete understanding of the complex procedural and factual underpinnings of each claim.  For example, with respect to Issue III, the adequacy of the mitigation investigation, large segments of both the course of the pleadings before the District Court as well as the record relied on by the District Court to reject Appellant's request for a hearing and for relief were not addressed.  A full discussion of these matters is necessary to the Government's argument that this Court lacks jurisdiction to consider several of Appellant's mitigation arguments and analyze both preserved claims and un-preserved claims.

**WHEREFORE**, the government respectfully requests an extension to Friday, July 1, 2011 to file Appellee's brief and for leave to file a brief of 35,000 words in length.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

---

[1]The Government was permitted to file a brief of 36,000 words in the direct appeal in *United States v. Bolden*, 545 F.3d 609 (8th Cir. 2008), a capital case in which a death penalty was rendered.  An appeal arising from a capital habeas petition in which a hearing with live testimony was held requires revisiting both the original capital trial and the Section 2255 proceedings.  Order Dated March 18, 2008, No. 06-3264.  By comparison to a direct appeal in a capital case, the Government's request to file a brief of 35,000 words is warranted.

/s/ Steven E. Holtshouser
STEVEN E. HOLTSHOUSER
Assistant United States Attorney
111 South 10th Street - 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

/s/ John M. Bodenhausen
JOHN M. BODENHAUSEN
Assistant United States Attorney
111 South 10th Street - 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Michael Gorla
Attorney at Law
720 Olive Street, Suite 1630
St. Louis, MO 63101

Joseph Luby
Death Penalty Litigation Clinic
6155 Oak Street, Suite C
Kansas City, MO 64113

/s/Steve E. Holtshouser
Assistant United States Attorney