# DEATH PENALTY LITIGATION CLINIC

**6155 Oak Street, Suite C**
**Kansas City, MO 64113**

(816) 363-2795
(816) 363-2799 Fax

dplc@dplclinic.com
http://www.dplclinic.com

---

**Attorneys**

*Joseph W. Luby*
*Jennifer Merrigan*
*Jessica E. Sutton*
*Sonali Shahi*

October 23, 2012

Michael E. Gans, Clerk
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse, Room 24.329
111 South 10th Street
St. Louis, MO 63102

   ***Re: Holder v. United States*, No. 10-1304**

Dear Mr. Gans:

   Pursuant to Rule 28(j), I write to advise the Court of its *per curiam* opinion in *Jackson v. United States*, 446 Fed. Appx. 816 (8th Cir. 2011) (per Melloy, Bowman, and Shepherd, JJ.) (unpublished). The slip opinion is attached for the Court's convenience.

   At issue in Mr. Holder's case is whether and when a court must hold an evidentiary hearing under 28 U.S.C. § 2255. The district court denied a hearing on claims that trial counsel failed to develop evidence of Mr. Holder's impaired judgment (Argument 3) and failed to consult an independent ballistics expert (Argument 2). The government argues that Mr. Holder bears the burden of proving his entitlement to a hearing, and that the evidence before a district court need not "disprove" the prisoner's claim as a matter of law. Appellee's Br. 84, 131-32. Mr. Holder argues just the opposite, contending that a hearing is required unless the motion and record "conclusively show that the prisoner is entitled to no relief," Appellant's Br. 53-54, and that the record does not conclusively disprove the contentions underlying his claims. *Id.* 54-66, 69-70, 73-75; Reply Br. 28, 32-45.

   *Jackson* informs the question presented. The prisoner there claimed that counsel misadvised him about "safety-valve" relief under 18 U.S.C. § 3553(f), and that Jackson declined to be debriefed by the government because counsel erroneously told him that he had to provide "substantial assistance" in order to qualify. The district court denied a hearing; it noted that Jackson was silent at sentencing even though the court recited the requirements for "safety valve" relief, including the fact that a defendant needn't provide useful information. This Court reversed. It observed that the transcript did not "conclusively" disprove the claim – as it must in order for a hearing to be denied – because the sentencing court "did not inquire whether Jackson wished to pursue debriefing" in light of the clarification that substantial assistance was unnecessary. Slip op. 2-3. The sentencing transcript was relevant evidence, but not conclusive. The Court

remanded for a hearing, as Mr. Holder urges it to do here.

Thank you for your attention to this matter.

Sincerely yours,

/s/ Joseph W, Luby

Joseph W. Luby
*Attorney for Appellant Norris G. Holder*

CC:    Steven E. Holtshouser (via ECF)
       Joseph M. Landolt (via ECF)
       John M. Bodenhausen (via ECF)